IN the INTEREST OF ZACHARY F., A Child Under the Age of 18:

STATE of Wisconsin, Petitioner-Respondent,

v.

TAMMY F., Respondent-Appellant.†

Court of Appeals

*No. 95–1455. Submitted on briefs August 23, 1995.—Decided September 20, 1995.*

(Also reported in 539 N.W.2d 475.)

†Petition to review granted.

On behalf of the respondent-appellant, the cause was submitted on the briefs of *Ann S. Jacobs* of Kenosha.

On behalf of the petitioner-respondent, the cause was submitted on the brief of *Renee E. Mura*, assistant district attorney.

Before Anderson, P.J., Brown and Snyder, JJ.

BROWN, J.   In preparation for a possible trial on the termination of her parental rights, Tammy F. served members of the Kenosha County Department of Social Services with written interrogatories and docu-

ment requests. In response, the State filed a motion to quash. The trial court granted the State's motion reasoning that discovery in TPR proceedings is limited to that provided under ch. 48, STATS. We granted leave to appeal this nonfinal order and now affirm.

The State filed a TPR petition on February 20, 1995. In substance, the petition alleged that Tammy had abandoned Zachary F. and had failed to take any steps towards assuming parental responsibility since his birth in May 1993. *See* § 48.415(1), STATS. After the trial court appointed counsel, Tammy filed interrogatories and document requests with the district attorney's office seeking information from five of the social workers involved with the case. The subject matter of these requests ranged from the psychological history of the case workers to details about the counseling services offered Tammy by the county. The State responded with a motion to quash, which is the subject matter of this appeal.[1]

Tammy makes two central arguments. First, she contends that § 48.293, STATS., which governs discovery under The Children's Code, reveals a legislative intent to *supplement* the general discovery rules of ch. 804, STATS. Alternatively, she argues that due process, at a minimum, requires that persons subject to TPR challenges be provided with the same discovery rights afforded "ordinary" civil litigants.

We turn first to the issues of statutory construction and interpretation. We review such questions de novo. *See DOR v. Milwaukee Brewers Baseball Club*, 111 Wis. 2d 571, 577, 331 N.W.2d 383, 386 (1983).

---

[1] When Tammy made the discovery requests, she also asked to examine the case workers' files. *See* § 48.293(2), STATS. The State permitted inspection of these records.

We begin with an analysis of § 801.01(2), STATS., which sets out the scope of the provisions governing civil procedure. The relevant portion provides:

> Chapters 801 to 847 govern procedure and practice in circuit courts of this state in all civil actions and special proceedings whether cognizable as cases at law, in equity or of statutory origin *except where different procedure is prescribed by statute or rule.*

*Id.* (emphasis added). From this, we see that the answer to Tammy's argument rests on whether the discovery process set out in § 48.293, STATS., is "different" from that provided under ch. 804, STATS.

We find there are obvious differences. For example, under § 48.293(2), STATS., a party may, upon request, inspect all the State's records at least forty-eight hours before the proceeding. There is simply no comparable civil discovery rule.[2]

Tammy nonetheless argues that the differences between discovery under ch. 48, STATS., and ch. 804, STATS., should be construed as evidence that the legislature wanted to expand the discovery process in ch. 48 proceedings to facilitate decision-making by challenged parents and juveniles. This argument, however, is contradicted by the case law.

Most notably, in *David S. v. Laura S.,* 179 Wis. 2d 114, 507 N.W.2d 94 (1993), the supreme court faced a

---

[2] The closest provision we can identify is § 804.09, STATS., which enables one party to the litigation to inspect documents of the other. Nonetheless, § 804.09 differs substantially from § 48.293(2), STATS. First, § 804.09(2) permits the served party to file an objection to any request; and second, the served party (which would be the State) has at least thirty days to comply with the request. *See id.*

similar argument over whether grandparents could intervene in a TPR proceeding as interested parties pursuant to § 803.09, STATS. While the court acknowledged that there was no different procedure for intervention set out in ch. 48, STATS., *see David S.*, 179 Wis. 2d at 143-44, 507 N.W.2d at 104-05, it nonetheless recognized that § 48.42(2), STATS., did set out explicit requirements for who must be notified in a TPR proceeding. The court therefore concluded that this section of The Children's Code controlled who may intervene. *See David S.*, 179 Wis. 2d at 143-44, 507 N.W.2d at 104-05. The decision in *David S.* thus reveals that we are to look not only for distinct differences in procedure, but also to whether the procedures established in the different chapters are consistent. *See id.; see also Waukesha County Dep't of Social Servs. v. C.E.W.*, 124 Wis. 2d 47, 53-54, 368 N.W.2d 47, 50-51 (1985) (holding that the ch. 805, STATS., rule governing objections to jury instructions applies to ch. 48 proceedings because there is no provision in the Children's Code suggesting otherwise).

Our examination of § 48.293, STATS., reveals that the open-file policy it sets forth is not consistent with the process of discovery under ch. 804, STATS. In ordinary civil discovery, each party must take steps to identify the records and other information that it needs. Under § 48.293, however, the State is required to automatically disclose all the relevant information.

Therefore, because the legislature enacted specific procedures governing discovery under The Children's Code, and these are different and inconsistent with the general civil discovery rules established in ch. 804, STATS., we conclude that § 48.293, STATS., is the exclusive source of discovery rights to parties involved in ch.

48, STATS., actions. *See C.A.K. v. State,* 154 Wis. 2d 612, 621, 453 N.W.2d 897, 901 (1990) ("[T]he enumeration of specific alternatives in a statute is evidence of legislative intent that any alternative not specifically enumerated is to be excluded."). Since Tammy's interrogatories and document requests do not fit within the ambit of § 48.293, the trial court acted properly when it quashed her discovery demand.

Next, we address Tammy's due process claim. This is a question of law which we review de novo. *See Barthel v. Plath,* 161 Wis. 2d 587, 592, 468 N.W.2d 689, 691 (1991).

Here Tammy cites *Mathews v. Eldridge,* 424 U.S. 319 (1976), which suggests that the answer to this question rests on a balancing of the private interests of the parties affected by a TPR, the risk of error arising from application of the procedures outlined in ch. 48, STATS., and the State's interest in supporting the use of these procedures. *See Mathews,* 424 U.S. at 335. Her specific theory is that the challenged parent's right to inspect the social workers' files under § 48.293(2), STATS., does not provide sufficient protection against the possibility of error, nor does the State have any reasonable interest in curtailing a parent's right to explore the State's claims through ordinary civil discovery. She further asserts that use of interrogatories and other discovery requests pursuant to § 804.01(1), STATS., would provide parents with the means to uncover facts necessary to mount a bulwark against the State. *Cf. A.S. v. State,* 168 Wis. 2d 995, 1003, 485 N.W.2d 52, 54 (1992) ("The State's ability to assemble its case almost inevitably dwarfs the parents' ability to mount a defense.") (quoted source omitted).

987

Nonetheless, we believe that the discovery methods made available under § 48.293, STATS., are sufficient. More importantly, we are unconvinced that the use of civil discovery in a TPR proceeding is so certain to result in more accurate fact-finding that we need to set aside the legislature's judgment that such discovery procedures are appropriate.

The existing provisions provide the challenged parent with access to all the records "relevant to the subject matter of [the] proceeding." Section 48.293(2), STATS. We have characterized these discovery rights as "broad." *See T.M.J. v. State,* 110 Wis. 2d 7, 13-14, 327 N.W.2d 198, 202 (Ct. App. 1982). Thus, we find it difficult to ascertain how the rights of litigants could be better protected through expansion of discovery.[3]

Moreover, the discovery process outlined in ch. 48, STATS., in no way prevents the challenged parent from exercising his or her constitutional right to subpoena witnesses. Tammy nevertheless speculates over how the State could manipulate what materials are placed in the file, thereby interfering with a parent's ability to challenge the State's witnesses. However, the case workers are under a statutory duty to compile and maintain these files. *See* § 48.59(1), STATS., *amended by* 1993 Wis. Act 385, § 41. We do not think that permitting civil discovery of county social services

---

[3] Indeed, Tammy describes in her briefs to this court how:

A [close] look at § 48.293(2), Stats., shows that it provides for greater discovery at an earlier time than [ch. 804, STATS.,] . . . would permit. Sec. 48.293, Stats. allows for inspection and copying a document up to 48 hours before any proceeding. This means parties can review documents even before an initial appearance in any kind of juvenile proceeding. This is certainly a greater right than that permitted through ordinary civil discovery.

departments is necessary to ensure that case workers have acted according to law.

Finally, as the State argued before the trial court, much of the information sought by Tammy in her interrogatories and document requests was already provided in the files that were opened to her pursuant to § 48.293, STATS. It would thus be a needless use of county resources to require a duplication of its record keeping efforts. In summary, we find that no due process violation exists because the legislative determination regarding discovery in TPR (and other ch. 48, STATS.) proceedings is appropriate and does not unduly interfere with the challenged parent's ability to mount a defense.

*By the Court.*—Order affirmed.

## END OF VOLUME