IN RE the COMMITMENT OF Richard BROWN:

STATE of Wisconsin, Petitioner-Respondent,

v.

Richard BROWN, Respondent-Appellant.

IN RE the COMMITMENT OF Donald WILLIAMS:

STATE of Wisconsin, Plaintiff-Respondent,

v.

Donald WILLIAMS, Defendant-Appellant.

Court of Appeals

*Nos. 96–1211, 96–1393. Submitted on briefs November 4, 1997.—Decided December 23, 1997.*

(Also reported in 573 N.W.2d 884.)

On behalf of the respondent-appellant Richard Brown, the cause was submitted on the briefs of *James*

*J. Winiarski,* of Milwaukee. On behalf of the defendant-appellant Donald Williams, the cause was submitted on the briefs of *Richard D. Martin,* assistant state public defender.

On behalf of the petitioner-respondent/plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle,* attorney general, and *Sally L. Wellman,* assistant attorney general.

On behalf of Director of State Courts J. Denis Moran, an amicus brief was submitted by *Brady C. Williamson* and *Jeffrey J. Kassel* of *La Follette & Sinykin,* of Madison.

Before Wedemeyer, P.J., Fine and Curley, JJ.

CURLEY, J. Richard Brown and Donald Williams appeal from trial court orders holding that there is no right to judicial substitution in Chapter 980 civil commitment proceedings.[1] Brown and Williams argue that, under a proper interpretation of Chapter 980 and § 801.01(2), STATS., the right to judicial substitution afforded by § 801.58, STATS., does apply to Chapter 980 civil commitment proceedings. Alternatively, Brown and Williams argue that without a right to judicial substitution, Chapter 980 violates constitutional guarantees of equal protection. We conclude that Chapter 980, containing the civil commitment procedure for sexually violent persons, is subject to the provisions of Chapters 801 to 847. The only exception to the general rule embodied in § 801.01(2) that "Chapters 801 to 847 govern procedure and practice . . . in all civil actions and special

___

[1] Brown's and Williams's cases were consolidated on appeal because in both cases the issues presented and the trial court's rationale are identical.

proceedings" is "where [a] different procedure is prescribed by statute or rule." There is no language in Chapter 980 prescribing a different procedure. Thus, the right to judicial substitution embodied in § 801.58 applies to Chapter 980 proceedings. Because this holding is dispositive, we need not address Brown's and Williams's equal protection claims. Therefore, we reverse and remand to the trial court with directions to honor Brown's request for judicial substitution.

## I. BACKGROUND.

On March 3, 1995, the State filed a petition against Brown, pursuant to the civil commitment provisions of Chapter 980, STATS., alleging that he was a sexually violent person. The case was originally assigned to Milwaukee Circuit Court Judge Hansher, who found probable cause that Brown was a sexually violent person, but dismissed the case after finding Chapter 980 to be unconstitutional. The State appealed, however, and the appeal was stayed to await the outcome of several other cases challenging the constitutionality of Chapter 980. Eventually, in *State v. Carpenter*, 197 Wis. 2d 252, 541 N.W.2d 105 (1995), *cert. denied*, 117 S. Ct. 2507 (1997), and its companion case, *State v. Post*, 197 Wis. 2d 279, 541 N.W.2d 115 (1995), *cert. denied*, 117 S. Ct. 2507 (1997), the Wisconsin Supreme Court declared Chapter 980 to be constitutional. Following these decisions, this Court summarily reversed the trial court's judgment and remanded the case back to the circuit court. On remand, Judge Diane Sykes was administratively assigned the case. Upon learning that Judge Sykes had been assigned the case, Brown filed a request for judicial substitution, citing § 971.20, STATS., the right of judicial substitution found in the criminal procedure

code. The trial court declined to accept the request for substitution, but noted that Brown had timely filed his request under both the criminal substitution statute, § 971.20, and the civil substitution statue, § 801.58, STATS. The trial court denied Brown's request, reasoning that, because Chapter 980 is silent with respect to judicial substitution, "no right of substitution is available in Chapter 980 cases." Brown now appeals.[2]

The State also filed a petition against Williams, and, on November 1, 1994, the trial court found probable cause that Williams was a sexually violent person within the meaning of Chapter 980, STATS. Williams's case, like Brown's, was delayed by appellate proceedings until March 7, 1996, at which time it was remitted to the circuit court. On April 15, 1996, Williams's attorney learned that Judge Sykes had been assigned to Williams's case, and on April 22 he filed a substitution request. The trial court denied Williams's request "for the reasons which are included in [the] written decision" in Brown's case and entered an order to that effect. Williams also now appeals.

## II.  ANALYSIS.

The first issue presented is whether the right to judicial substitution embodied in § 801.58, STATS.,

---

[2] The State has filed a brief conceding that the trial court erred in finding that the right to judicial substitution found in § 801.58, STATS., does not apply to Chapter 980 civil commitment proceedings. An amicus curiae brief, however, has been filed by the Director of State Courts, J. Denis Moran, supporting the trial court's position. Therefore, our decision will primarily respond to the arguments raised by the amicus curiae.

applies to civil commitment proceedings under Chapter 980, STATS. To resolve this issue, we must interpret Chapter 980 and § 801.01(2), STATS. Statutory construction involves a question of law and therefore our review is *de novo. See State v. Martinez*, 210 Wis. 2d 397, 413, 563 N.W.2d 922, 929 (Ct. App. 1997).

The trial court's holding that no right to judicial substitution exists in Chapter 980 proceedings is based on its reading of the Wisconsin Supreme Court's opinion in *State ex rel. Serocki v. Clark County Cir. Ct.*, 163 Wis. 2d 152, 471 N.W.2d 49 (1991). The trial court specifically concluded that the supreme court in *Serocki* "indicated . . . that the right of substitution [found in § 801.58, STATS., cannot be implied where it does not expressly exist, either specifically or by incorporation." The trial court then applied this standard and held that because Chapter 980 is silent with respect to judicial substitution, no such right exists. The trial court erred, however, by misreading *Serocki*, and by applying the wrong legal standard to the issue presented. Under § 801.01(2), STATS.,[3] the procedures established in Chapters 801 to 847, STATS., including § 801.58, automatically apply to civil proceedings except where a different procedure is prescribed by a statute or a rule. As both the State and the amicus curiae concede, proceedings under Chapter

---

[3] Section 801.01(2), STATS., provides:

**(2)** SCOPE. Chapters 801 to 847 govern procedure and practice in circuit courts of this state in all civil actions and special proceedings whether cognizable as cases at law, in equity or of statutory origin except where different procedure is prescribed by statute or rule. Chapters 801 to 847 shall be construed to secure the just, speedy and inexpensive determination of every action and proceeding.

980, STATS., are civil commitment proceedings. *See Carpenter*, 197 Wis. 2d at 258, 541 N.W.2d at 107; *Post*, 197 Wis. 2d at 294, 541 N.W.2d at 118. Therefore, because Chapter 980 does not prescribe a "different procedure," the default rule requires that the right to judicial substitution under § 801.58 does, rather than does not, apply.

In *Serocki*, the issue before the supreme court was "whether an individual subject to recommitment under sec. 51.20(13)(g)3 may, at a recommitment hearing held before a circuit judge who presided at the original commitment proceeding or at a previous recommitment hearing, request substitution for the circuit judge pursuant to sec. 801.58(1)." *Serocki*, 163 Wis. 2d at 154, 471 N.W.2d at 50. All of the parties in *Serocki* agreed that the right of judicial substitution embodied in § 801.58, STATS., applied to recommitment proceedings under Chapter 51, STATS. The only dispute was whether the recommitment hearing held before the same judge who committed the individual was a continuation of the original commitment proceeding or a new proceeding which would make a request for substitution at the recommitment hearing timely. In a footnote which amounted to dictum, given that all of the parties agreed that § 801.58(1), STATS., applied to recommitment hearings under § 51.20(13)(g)3, the supreme court stated:

> Section 51.20, Stats. 1989–90, incorporates by reference sec. 801.58, Stats. 1989–90. Section 51.20(10)(c) provides that in recommitment hearings "except as otherwise provided in this chapter, the rules of evidence in civil actions and s. 801.01(2) apply to any judicial proceeding or hearing under this chapter." Sec. 801.01(2) provides that "[c]hapters 801–847 govern procedure and

practice in circuit courts of this state in all civil actions . . ." The substitution statute, sec. 801.58, is part of chapter 801.

*Serocki*, 163 Wis. 2d at 155 n. 3, 471 N.W.2d at 51 n. 3. The trial court, relying solely on this footnoted dictum, concluded that the supreme court "required specific language incorporating the right of judicial substitution before it would consider substitution to be available in Chapter 51 proceedings." Thus, the trial court concluded that the supreme court had "indicated its opinion that the right of substitution cannot be implied where it does not expressly exist, either specifically or by incorporation." We disagree. Such an interpretation would run contrary to the plain language of § 801.01(2), STATS., and extensive prior case law, indicating exactly the opposite conclusion—that the procedures established in Chapters 801 to 847, STATS., including the right to judicial substitution found in § 801.58, automatically apply to civil proceedings unless a different procedure is prescribed by a statute or a rule.

Section 801.01(2), STATS., reads, in relevant part, "SCOPE. Chapters 801 to 847 govern procedure and practice in circuit courts of this state in all civil actions and special proceedings whether cognizable as cases at law, in equity or of statutory origin except where different procedure is prescribed by statute or rule." A reading of the relevant parts of § 801.01(2), STATS., indicates in plain language that the default rule is inclusion rather than exclusion, and that unless a "different procedure is prescribed by statute or rule," Chapters 801 to 847 automatically apply to all civil proceedings. Although the statute's language makes its meaning clear, examples from case law also support

our conclusion. *See State v. Jody A.E.*, 171 Wis. 2d 327, 335–37, 491 N.W.2d 136, 138–39 (Ct. App. 1992) (holding that the joinder provisions of § 803.03(1), STATS., govern paternity proceedings under Chapter 767, STATS., because Chapters 801 to 847 govern special proceedings as well as civil actions, unless the special procedure statute says to the contrary and since Chapter 767, STATS., is silent regarding who is or is not a necessary party, § 803.03(1), STATS. applies); *and see Hoberg v. Berth*, 157 Wis. 2d 717, 719–20, 460 N.W.2d 436, 437 (Ct. App. 1990) (holding that unless a different procedure is prescribed by Chapter 867, STATS., governing special administration, § 801.01(2) requires that § 804.05(1) applies).

Given the clear language of the statute, and the supporting caselaw, we decline to read the court's dictum in *Serocki* as a reversal of the standard established by § 801.01(2). As a result, the procedures established in Chapters 801 to 847 automatically apply to all civil actions and special procedures unless a "different procedure is prescribed by statute or rule." Chapter 980 proceedings are civil commitment proceedings. *See Carpenter*, 197 Wis. 2d at 258, 541 N.W.2d at 107; *Post*, 197 Wis. 2d at 294, 541 N.W.2d at 118. Thus, under the proper standard, the right to judicial substitution applies unless Chapter 980 prescribes a "different procedure." As the trial court correctly noted, Chapter 980 is silent with respect to judicial substitution. Therefore, it fails to prescribe a "different procedure" and the right to judicial substitution embodied by § 801.58 applies.

The amicus curiae, however, argues that the procedural time limits of Chapter 980 are "incompatible" with judicial substitution, and thus, even though Chapter 980 does not explicitly establish a

"different procedure," we should hold that § 801.58 does not apply. The amicus curiae's argument is based on specific language from *State v. Tammy F.*, 196 Wis. 2d 981, 539 N.W.2d 475 (Ct. App. 1995), and *David S. v. Laura S.*, 179 Wis. 2d 114, 507 N.W.2d 94 (1993). In *David S.*, the supreme court held that, although Chapter 48, STATS., did not prescribe a different procedure for intervention, the intervention statute, § 803.09, STATS. 1991–92, did not apply because it was not "consistent with the purposes and policies underlying the statutory proceedings set forth in ch. 48 which limit the persons who must be notified of the proceedings." *David S.*, 179 Wis. 2d at 143–44, 507 N.W.2d at 105. Also, in *Tammy F.*, this court stated that: "The decision in David S. thus reveals that we are to look not only for distinct differences in procedure, but also to whether the procedures established in the different chapters are consistent." *Tammy F.*, 196 Wis. 2d at 986, 539 N.W.2d at 477. The amicus curiae contends that because of these statements, a mere showing of "incompatibility" or "inconsistency" is enough to bar application of Chapters 801 to 847. We disagree.

Notwithstanding the language quoted by the amicus curiae, the facts and contexts of these cases reveal that the standard enunciated in § 801.01(2), STATS., has not been changed, and that mere alleged incompatibility, without an explicit or implicit prescription by the statute of a "different procedure," will not bar the application of the provisions of Chapter 801 to 847 to civil actions and special proceedings. In *David S.*, the issue was whether § 803.09 applied to termination of parental rights proceedings under Chapter 48, thus entitling a child's grandparents to intervene as parties in the proceeding. *See David S.*,

179 Wis. 2d at 143–44, 507 N.W.2d at 104–05. The "inconsistency" at issue was created by language from § 48.42(2), STATS., which limited the persons who needed to be notified and summoned to the proceedings. *See id.* This language, beyond creating an inconsistency, implicitly established a "different procedure" that was incompatible with the intervention statute, § 803.09. Likewise, in *Tammy F.*, this court held that the general discovery rules established by Chapter 804, STATS., did not apply to termination of parental rights proceedings under Chapter 48. *See Tammy F.*, 196 Wis. 2d at 986–87, 539 N.W.2d at 476–77. The decision in *Tammy F.*, however, was not based on mere "incompatibility" or "inconsistency." Instead, our holding was based on the fact that Chapter 48 contained specific procedures which were explicitly different from those provided by Chapter 804. *See id.* at 985–87, 539 N.W.2d at 476–77. Thus, the context and facts of *David S.* and *Tammy F.* show that for an "inconsistency" to be relevant, it must result from the legislature's creation of a different procedure, either explicitly or implicitly.

As the amicus curiae notes, Chapter 980 does contain restrictive procedural time limits. If the subject of a Chapter 980 commitment petition is incarcerated, a probable cause hearing must be held within 72 hours of the petition's filing. Section 980.04, STATS. Also, the trial must begin within 45 days of the probable cause hearing. Section 980.05(1), STATS. We acknowledge that these time limits, coupled with the exercise of a right to judicial substitution, may cause administrative difficulties, especially in one-judge counties. We note, however, that judicial substitution inevitably puts great pressure on the court system, as

it must accommodate the removal of one judge and the appointment of another. Nonetheless, the right to judicial substitution exists in many other proceedings which also contain restrictive time limits. For example, the right to judicial substitution exists in civil commitment proceedings under Chapter 51, STATS., in spite of the fact that probable cause hearings must be held within 72 hours after an individual is detained. *See* § 51.20(7)(a), STATS.; and *Serocki*, 163 Wis. 2d at 155, 471 N.W.2d at 51. The right to judicial substitution also applies in criminal cases, even though a preliminary examination must be held within 10 days of a defendant's initial appearance if the defendant is in custody. *See* §§ 971.20 & 970.03(2), STATS. Thus, we cannot conclude that the legislature, merely by including restrictive procedural time limits in Chapter 980, intended to therefore implicitly create a "different procedure," inconsistent with the right to judicial substitution. Therefore, in the absence of an explicit or implicit "different procedure," we conclude that the alleged "incompatibility" presented by the amicus curiae does not prevent the application of the right to judicial substitution embodied in § 801.58, STATS.

Because our interpretation of Chapter 980 and § 801.01(2), STATS., is dispositive, we decline to address Brown's and Williams's equal protection arguments. *See Gross v. Hoffman*, 227 Wis. 296, 300, 277 N.W.2d 663, 665 (1938). Thus, in conclusion, we reverse and remand to the circuit court with directions to honor Brown's and Williams's requests for judicial substitution.

*By the Court.*—Orders reversed and cause remanded.