IN RE the COMMITMENT OF Tory L. RACHEL:

STATE of Wisconsin, Petitioner-Respondent,

v.

Tory L. RACHEL, Respondent-Appellant.

Court of Appeals

*No. 98–2074. Submitted on briefs January 20, 1999.—Decided January 27, 1999.*

(Also reported in 591 N.W.2d 920.)

On behalf of the respondent-appellant, the cause was submitted on the briefs of *Donald T. Lang* and *Labish Bergovoy,* assistant state public defenders.

On behalf of the petitioner-respondent, the cause was submitted on the brief of *James E. Doyle,* attorney general, and *Warren D. Weinstein,* assistant attorney general.

Before Snyder, P.J., Brown and Nettesheim, JJ.

BROWN, J. Tory L. Rachel appeals a nonfinal order of the trial court ruling that the findings and conclusions of a court-appointed expert are subject to discovery in a ch. 980, STATS., proceeding. Because the rules of civil procedure, chs. 801 to 847, STATS., govern procedure in ch. 980 proceedings, § 804.01, STATS., applies in this case. Under that section, the report of an expert is not discoverable unless that expert will be called as a witness at trial. *See* § 804.01(2)(d). Here, it was not clear whether Rachel would call the expert at trial. Thus, the trial court's order allowing discovery was erroneous. We reverse and remand.

Rachel is the subject of a sexually violent person commitment petition filed in August 1994. Rachel, who is indigent, requested that the trial court appoint a qualified expert to evaluate him, pursuant to § 980.03(4), STATS. This the trial court did. Rachel's counsel then sought a ruling from the trial court on whether the expert's preliminary findings would be discoverable by the government. Counsel conceded that any reports relied upon by the expert at trial would be discoverable.

The trial court ruled that the rules of civil procedure applied and ordered Rachel to produce his expert for deposition, along with any notes, recordings, writings or reports.

■

The question presented is whether the rules of civil procedure govern discovery in a ch. 980, STATS., proceeding. This involves interpretation of ch. 980 and § 801.01(2), STATS. (defining the scope of the rules of civil procedure). Thus, it is a question of law we review de novo. *See State v. Brown*, 215 Wis. 2d 716, 721, 573 N.W.2d 884, 886 (Ct. App. 1997).

Chapter 980, STATS., proceedings are civil in nature. *See id.* at 721–22, 573 N.W.2d at 886. Section 801.01(2), STATS., defines the scope of the rules of civil procedure. It states that "[c]hapters 801 to 847 govern procedure and practice in circuit courts of this state in all civil actions . . . except where different procedure is prescribed by statute or rule." *Id.* Thus, unless there is a specific statute stating otherwise, § 804.01(2)(d) governs discovery of an expert's report in a ch. 980 proceeding.

Rachel argues that while there is no contrary statute, "the application of criminal discovery rules in sexual predator proceedings implicitly follows from the

procedural safeguards expressly provided in [ch. 980]." Rachel refers to § 980.05(1m), STATS., to prove his point. That section mandates that the criminal rules of evidence apply in a ch. 980, STATS., trial. *See* § 980.05(1m). Furthermore, it states that "[a]ll constitutional rights available to a defendant in a criminal proceeding are available to [the subject of the ch. 980 proceeding]." *Id.* In keeping with these provisions, Rachel urges that the criminal rules of discovery should apply.

We are not persuaded. That § 980.05(1m), STATS., provides for the use of criminal rules of evidence in a ch. 980, STATS., proceeding does not change the civil nature of the proceeding. The issue in this case is about procedure, not evidence. Furthermore, the enactment of § 980.05(1m) shows that when the legislature intended for criminal safeguards to apply to ch. 980 proceedings it said so. It has not said so with regard to rules of procedure.

■

*Brown* stands side by side with this case. *See Brown*, 215 Wis. 2d at 721–22, 573 N.W.2d at 886. There, the question presented was whether the civil judicial substitution statute, § 801.58, STATS., operated in a ch. 980, STATS., proceeding. *See Brown*, 215 Wis. 2d at 720–21, 573 N.W.2d at 885–86. The *Brown* court noted that under § 801.01(2), STATS., chs. 801 to 847, STATS., including § 801.58, apply to all civil proceedings. *See Brown*, 215 Wis. 2d at 721, 573 N.W.2d at 886. And, under *State v. Carpenter*, 197 Wis. 2d 252, 541 N.W.2d 105 (1995), and *State v. Post*, 197 Wis. 2d 279, 541 N.W.2d 115 (1995), "proceedings under Chapter 980, STATS., are civil commitment proceedings." *Brown*, 215 Wis. 2d at 721–22, 573 N.W.2d at 886. Thus, § 801.58 applied since ch. 980 does not prescribe a dif-

ferent procedure. And while *Brown* dealt with judicial substitution and this case deals with discovery of an expert's opinion, the holding in both cases is essentially the same. The rules of civil procedure apply in ch. 980 proceedings because no different procedure is prescribed therein.

Next, we must determine whether Rachel's expert's report is discoverable, given that § 804.01(2)(d), STATS., applies. That section provides that a party may "discover facts known or opinions held by an expert . . . who is not expected to be called as a witness at trial only upon . . . showing that exceptional circumstances exist." Section 804.01(2)(d)2. Furthermore, Wisconsin case law holds that an expert's pretrial examinations are part of an attorney's work product, and thus protected from discovery. *See State ex rel. Dudek v. Circuit Court*, 34 Wis. 2d 559, 597–98, 150 N.W.2d 387, 408 (1967). Only once the expert is a "person who has been identified as an expert whose opinions may be presented at trial" do his or her reports and opinions become discoverable. Section 804.01(2)(d)1; *see also Blakely v. Waukesha Foundry Co.*, 65 Wis. 2d 468, 481–82, 222 N.W.2d 920, 927 (1974).

Here, there is no support in the record for a finding that Rachel expected to call this expert as a witness at trial. Rather, the trial court appeared to base its decision on the appointment statute's language that an expert be appointed "to perform an examination and *participate in the trial.*" Section 980.03(4), STATS. (emphasis added). The trial court seemed to interpret the statute to mean that, as a matter of legislative fact, a person requesting an expert under the statute has already decided to use that expert as a witness at trial. We do not agree. The statute mandates appointment of

575

an expert to aid in the proceedings "on behalf of an indigent person." *Id.* Thus, the expert may be requested for a variety of services, including assessment of the respondent and a determination whether he or she has a disorder, critique of the State's expert and testing methods, and exploration of placement and treatment programs available. Yes, the expert may also be called at trial. But the respondent, like any other civil litigant, has the right to decide, after reviewing the expert's findings, whether to call the expert at trial.

Also, as a matter of public policy, prematurely compelling any expert appointed under this statute to submit to a deposition would deter thorough defense investigation. Respondents in ch. 980, STATS., proceedings would be loathe to request an expert out of fear that the expert's findings would only serve to aid the prosecution. Such a rule would also inhibit candid communication between a court-appointed expert, the respondent and respondent's counsel.

 The trial court's implicit conclusion that the expert was going to be a witness at trial, based solely upon Rachel's use of the statute to request that the expert be appointed, was error. We remand for a determination of whether Rachel plans on calling the expert as a witness.

Rachel also raises several constitutional arguments. He claims that compelling discovery of the expert's opinions violates his rights to due process, equal protection and effective assistance of counsel. We need not address these arguments. Only if and when Rachel decides to use the expert as a witness and is thereby forced to disclose the expert's report would we reach these questions. *See State v. Armstead,* 220 Wis.

2d 626, 628, 583 N.W.2d 444, 446 (Ct. App. 1998) (declining to decide issues based on future or hypothetical facts).

*By the Court.*—Order reversed and cause remanded.