In re the Commitment of Jesse J. Madison:
State of Wisconsin, Petitioner-Respondent,

v.

Jesse J. Madison, Respondent-Appellant.†

Court of Appeals

*No. 02–3099. Submitted on briefs December 23, 2003.—Decided February 24, 2004.*

2004 WI App 46

(Also reported in 678 N.W.2d 607.)

---

† Petition to review denied 4-20-04.

---

On behalf of the respondent-appellant, the cause was submitted on the briefs of *Charles Bennett Vetzner*, assistant state public defender.

On behalf of the petitioner-respondent, the cause was submitted on the brief of *Peggy A. Lautenschlager*, attorney general, and *Gary A. Freyberg*, assistant attorney general.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1. CANE, C.J.   Jesse Madison appeals from a judgment finding he is a sexually violent person, from a commitment order, and from an order denying motions after verdict. Madison argues the trial court erred by giving the jury a general verdict form because he has a statutory and constitutional right to a special verdict form. We affirm the judgment and orders.

## BACKGROUND

¶ 2.   The State filed a petition to detain Madison on the ground that he was a sexually violent person, as defined in Wis. Stat. ch. 980.[1] The matter was set for trial. At the jury instructions conference, Madison requested the court to submit a special verdict to the jury, such as those used in Wis. Stat. ch. 51 commitments. The trial court denied the request and submitted the standard general verdict for ch. 980 cases contained in Wis JI—Criminal 2503. The jury later found Madison was a sexually violent person and Madison was committed. This appeal follows the trial court's denial of motions after verdict.

## DISCUSSION

¶ 3.   Madison first claims that he has a statutory right to a special verdict under Wis. Stat. § 805.12(1). *See State v. Rachel*, 224 Wis. 2d 571, 575, 591 N.W.2d 920 (Ct. App. 1999) (Wis. Stat. ch. 980 proceedings are civil in nature and, therefore, the ·rules of civil procedure apply). Section 805.12(1) states, "Unless it orders otherwise, the court shall direct the jury to return a

---

[1] All references to the Wisconsin Statutes are to the 2001–02 version unless otherwise noted.

special verdict." Because special verdicts are "the rule and not the exception" in civil cases, Madison argues the trial court erred by giving a general verdict. *See Milwaukee & Suburban Transp. Corp. v. Milwaukee County*, 82 Wis. 2d 420, 450, 263 N.W.2d 503 (1978). We disagree.

¶ 4.   In *A.E. v. State*, 163 Wis. 2d 270, 275, 471 N.W.2d 519 (Ct. App. 1991), we held that the opening phrase of Wis. Stat. § 805.12(1), "Unless it orders otherwise," gives the trial court broad discretion to determine the form of the verdict and that it is not per se improper to submit a general verdict. Thus, although the statutes suggest the trial court·submit a special verdict to the jury, it remains within the trial court's discretion whether to submit a special or general verdict.[2] Therefore, we reject Madison's argument that, under § 805.12(1), the trial court must submit a special verdict.

¶ 5.   Alternatively, Madison argues that he has a constitutional right, on equal protections grounds, to a special verdict. *See* Wis. Const. art. I, § 1. This equal protection argument stems from an alleged disparate application of special verdicts, under Wis. Stat. § 805.12(1), in Wis. Stat. chs. 51 and 980 cases. Persons committed under ch. 980 and those committed under

_____

[2] In his reply brief, Madison argues the trial court failed to exercise its discretion in determining the form of the verdict. We will not address arguments raised for the first time in reply briefs. *State v. Chu*, 2002 WI App 98, ¶ 42 n.5, 253 Wis. 2d 666, 643 N.W.2d 878.

ch. 51 are similarly situated for an equal protection analysis. *State v. Post*, 197 Wis. 2d 279, 318–19, 541 N.W.2d 115 (1995).[3]

¶ 6. Madison notes that while Wisconsin's jury instructions provide a general verdict for a Wis. STAT. ch. 980 commitment, WIS JI—CRIMINAL 2503, a special verdict is provided for Wis. STAT. ch. 51 commitments, WIS JI—CIVIL 7050. From this fact alone, Madison claims ch. 980 respondents are "systematically depriv[ed] of special verdicts" and that this constitutes an equal protection violation. Furthermore, because we previously observed that "it is much more difficult to commit a person under [chapter] 980 than it is to commit someone under chapter 51," *State v. Williams*, 2001 WI App 263, ¶ 14, 249 Wis. 2d 1, 637 N.W.2d 791, Madison claims that it is inconsistent to submit general verdicts in ch. 980 cases because they make it easier for a jury to return a verdict in favor of commitment. Therefore, given this disparity, Madison argues he was denied equal protection.

¶ 7. We reject the equal protection argument for two reasons. First, Madison has not provided any evidence of his allegation that ch. 980 respondents are routinely deprived of special verdicts. Second, he has not provided any evidence or authority to support the otherwise speculative proposition that general verdicts are more likely to result in commitments than special verdicts.

---

[3] In *State v. Post*, 197 Wis. 2d 279, 328–29, 541 N.W.2d 115 (1995), the supreme court concluded there was a denial of equal protection where WIS. STAT. ch. 51 respondents had a right to a jury trial at a discharge hearing while WIS. STAT. ch. 980 respondents did not.

¶ 8.   First, Madison has not established a systematic deprivation of special verdicts for persons in Wis. Stat. ch. 980 proceedings as compared to persons in Wis. Stat. ch. 51 proceedings. At most, he has shown that the criminal and civil jury instruction committees merely recommend different verdict forms (a general verdict for ch. 980 and a special verdict for ch. 51). This, however, is not evidence of a systematic deprivation. If anything, there is a suggestion in the record to the contrary. During the jury instruction conference, the trial court asked Madison's attorney if other courts had used special verdicts in ch. 980 cases. Madison's attorney answered that they had.

¶ 9.   Second, Madison has not established the premise of his equal protection argument: that a general verdict makes it easier to return a verdict in favor of commitment. Whether the trial court uses a general verdict or a special verdict, the jury is instructed that the State must prove all the elements. The jury is presumed to follow the court's instructions. *See State v. Opalewski*, 2002 WI App 145, ¶ 31, 256 Wis. 2d 110, 647 N.W.2d 331. Madison may believe that a special verdict is more favorable to him, but he has not proved it or provided authority for purposes of his constitutional argument.

¶ 10.   As an observation, our holding should not be read to conclude a respondent in a Wis. Stat. ch. 980 commitment proceeding should never have a special verdict. In fact, Wis. Stat. § 805.12(1) suggests that special verdicts are to be submitted to the jury unless the trial court in the exercise of its discretion decides otherwise. Instead, we narrowly conclude that Madison has failed to establish that ch. 980 respondents are routinely deprived of special verdicts and that general verdicts are more likely to result in commitments.

*By the Court.*—Judgment and orders affirmed.