STATE of Wisconsin EX REL. KENNETH S., Petitioner,

v.

CIRCUIT COURT FOR DANE COUNTY, the Honorable Shelley Gaylord, Branch 6 Presiding, M.J.S., a person under the age of 18, J. J.-M., Dane County Department of Human Services and Dane County District Attorney, Respondents.

Court of Appeals

*No. 2008AP147–W. Writ of mandamus January 14, 2008. —Decided June 26, 2008.*

2008 WI App 120

(Also reported in 756 N.W.2d 573.)

On behalf of the petitioner, the cause was submitted on a petition for supervisory writ of *Jordan C. Loeb* of *Cullen Weston Pines & Bach LLP*, Madison.

On behalf of the respondents, there was a response by *David C. Rice*, assistant attorney general, and *J.B. Van Hollen*, attorney general.

Before Dykman, Vergeront and Lundsten, JJ.

¶ 1. VERGERONT, J. This is an original action for a supervisory writ in which the parent of a child who is the subject of a CHIPS petition seeks an order directing the circuit court, the Honorable Shelley Gaylord, to enter an order dismissing the CHIPS action pursuant to a stipulation between the parties.[1] The parent contends that, because all parties stipulated to dismissal under WIS. STAT. § 805.04(1), the voluntary dismissal statute, the circuit court has no authority to reject a dismissal. The circuit court responds that § 805.04(1) does not apply in a CHIPS proceeding under WIS. STAT. ch. 48.[2]

¶ 2. We conclude WIS. STAT. § 805.04(1) does not apply in a CHIPS proceeding because it is different from and inconsistent with WIS. STAT. § 48.24(4), which we construe to provide that a district attorney may withdraw a CHIPS petition only with the approval of

---

[1] Under WIS. STAT. § 809.51 (2005–06), this court has jurisdiction to issue a prerogative writ over a court and the presiding judge.

All references to the Wisconsin Statutes are to the 2005–06 version unless otherwise noted.

[2] The circuit court makes an alternative argument based on a court's inherent authority, but it is unnecessary to reach this issue.

the court. Accordingly, the circuit court did not have a plain duty to sign the order, nor did the clerk of court have a plain duty to dismiss the action. We therefore deny the petition for a supervisory writ.

## BACKGROUND

¶ 3. In May 2007, the Dane County district attorney filed a petition for protection or services for the child of Kenneth S. and Jalateefah J., alleging the child had been the victim of abuse. *See* Wis. Stat. § 48.13(3). The case was assigned to the Honorable Shelley Gaylord. Subsequently, with leave of the court, the district attorney filed an amended petition, adding as a ground parental neglect to provide necessary medical care under § 48.13(10).

¶ 4. At the time the CHIPS action was filed there was pending a paternity action involving the two parents and this child. The paternity action was assigned to a different judge.

¶ 5. On January 7, 2008, the assistant district attorney, representing the State in the CHIPS action, filed with the circuit court in that action a stipulation and order for dismissal of the CHIPS action. The stipulation stated that the parties agreed that the action be dismissed pursuant to Wis. Stat. § 805.04(1) and it was signed by the assistant district attorney, counsel for both parents, and the guardian ad litem for the child. The assistant district attorney's cover letter stated that, along with the stipulation and order, a photocopy of an amended temporary order in the paternity action was enclosed, and "both documents [were] executed by the parties to this matter pursuant to agreement."

¶ 6. On January 8, 2008, all parties appeared before the circuit court in the CHIPS action. The circuit

court declined to accept the stipulation and directed that the CHIPS case continue. The court stated its view that it had the discretion whether to accept the stipulation, because there were public as well as private interests at stake in Wis. Stat. ch. 48 cases, and the court identified some of the concerns it had about a dismissal, in spite of the stipulation for an amended temporary order in the paternity action.

¶ 7. Shortly thereafter Kenneth filed this petition for a supervisory writ ordering the circuit court, the Honorable Shelley Gaylord, to sign the order of dismissal in the CHIPS action.

## DISCUSSION

¶ 8. A supervisory writ is a blending of the writ of mandamus and prohibition. *Dressler v. Circuit Court,* 163 Wis. 2d 622, 630, 472 N.W.2d 532 (Ct. App. 1991). Because such a writ invokes our supervisory authority, it "is considered an extraordinary and drastic remedy that is to be issued only upon some grievous exigency." *Id.* A supervisory writ will not issue unless:

> (1) an appeal is an utterly inadequate remedy; (2) the duty of the circuit court is *plain;* (3) its refusal to act within the line of such duty or its intent to act in violation of such duty is *clear;* (4) the results of the circuit court's action must not only be prejudicial but must involve extraordinary hardship; and, (5) the request for relief was made promptly and speedily.

*Id.* (emphasis in original).

¶ 9. Because we are the court of original jurisdiction, we exercise our discretion in deciding whether or not to issue a supervisory writ. *Id.* The exercise of that

discretion often involves, as it does in this case, resolving questions of law in order to determine whether the circuit court's duty is plain. *See Mount Horeb Cmty. Alert v. Village Bd.*, 2003 WI 100, ¶¶ 9, 10, 263 Wis. 2d 544, 665 N.W.2d 229 (although issuance of a writ of mandamus against a municipality lies within the discretion of the circuit court, whether the municipality was required to comply with the statute presents a question of law).

¶ 10. We focus on whether, as Kenneth contends, the circuit court had a plain duty to accept the stipulation of the parties and order the CHIPS case dismissed. A resolution of this issue requires that we examine both the voluntary dismissal statute, WIS. STAT. § 805.04(1), and the procedures for dismissal of CHIPS petitions in WIS. STAT. ch. 48.

¶ 11. WISCONSIN STAT. § 805.04(1) provides:

> **(1)** BY PLAINTIFF; BY STIPULATION. An action may be dismissed by the plaintiff without order of court by serving and filing a notice of dismissal at any time before service by an adverse party of responsive pleading or motion or by the filing of a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is not on the merits, except that a notice of dismissal operates as an adjudication on the merits when filed by a plaintiff who has once dismissed in any court an action based on or including the same claim.

Thus, § 805.04(1) provides two situations in which the party filing the action may obtain a dismissal without court approval: (1) if that party serves and files a notice of dismissal before an adverse party serves a responsive pleading, and (2) at any other time if the other parties agree and a written stipulation signed by

all parties is filed with the court. Except in these two situations, an action "shall not be dismissed at the plaintiff's instance save upon order of court and upon such terms and conditions as the court deems proper." Section 805.04(2).

¶ 12. Kenneth recognizes that dismissal under WIS. STAT. § 805.04(1) does not require a court order. However, he explains that presenting an order to the court with the stipulation is the procedure used to alert the clerk of court that the matter is dismissed, and, he asserts, it is a "ministerial task" for the court to sign the order because it is based on a stipulation under § 805.04(1). Kenneth suggests that an alternative to directing the court to enter the order would be to direct the clerk of court to dismiss the matter pursuant to the stipulation of the parties.

¶ 13. WIS. STAT. chs. 801 to 847 govern in "all civil actions and special proceedings . . . except where different procedure is prescribed by statute or rule." WIS. STAT. § 801.01(2).

■

¶ 14. Proceedings under WIS. STAT. ch. 48, including CHIPS proceedings, are civil proceedings. *F.Q. v. Department of Soc. Servs.*, 162 Wis. 2d 607, 611–12, 470 N.W.2d 1 (Ct. App. 1991). Under WIS. STAT. § 801.01(2), the rules of civil procedure therefore govern unless the exception is applicable.

¶ 15. We decide if the exception is applicable by considering not only whether there is a distinctly different procedure established in another statute but also whether the procedure in the other statute is consistent with the civil procedure statute at issue. *State v. Tammy F.*, 196 Wis. 2d 981, 986, 539 N.W.2d 475 (Ct. App. 1995) (citing *David S. v. Laura S.*, 179 Wis. 2d 114, 143–44, 507 N.W.2d 94 (1993)). In *David S.*, the court concluded

that the civil procedure intervention statute, Wis. Stat. § 809.13 (then Wis. Stat. § 803.09), did not apply in a termination of parental rights (TPR) proceeding under Wis. Stat. ch. 48 even though ch. 48 did "not prescribe a different procedure for intervention." 179 Wis. 2d at 143–44. The court reached this result because it was

> [n]evertheless . . . clear from the statutes that the legislature intended sec. 48.42(2) prescribing who must be summoned in a termination of parental rights proceeding to be the exclusive statute on the subject. Bringing in additional parties in a ch. 48 proceeding through the intervenor statute is not consistent with the purposes and policies underlying the statutory proceedings set forth in ch. 48 which limit the persons who must be notified of the proceedings.

*Id.*

¶ 16. Following the analytical framework of *David S.*, we concluded in *Tammy F.* that the open-file discovery procedure established in Wis. Stat. § 48.293 was different than and also inconsistent with the general civil discovery rules in Wis. Stat. ch. 804. *Tammy F.*, 196 Wis. 2d at 986. Under the former, we stated, the State is required to automatically disclose all relevant information, while under the latter each party must take steps to identify the information it needs. *Id.* We rejected the argument that the Wis. Stat. ch. 48 discovery procedure was intended to supplement the general civil discovery rules and concluded that the discovery procedure in § 48.293 was the exclusive source of discovery rights for proceedings under ch. 48. *Id.* at 984, 986–87.

¶ 17. In contrast, in *Waukesha County Dep't of Soc. Servs. v. C.E.W.*, 124 Wis. 2d 47, 53, 368 N.W.2d 47 (1985), the court held that Wis. Stat. § 805.13(3), ad-

dressing objections to jury instructions, governed in a TPR proceeding. The court concluded that

> [n]o statute or rule in the Children's Code (ch. 48) provides a procedure different from sec. 805.13(3) for objecting to instructions. The application of sec. 805.13(3) is consistent with the purposes and policies underlying the termination proceeding and the statutory procedures set forth in ch. 48 for the fact finding stage of a termination proceeding and is protective of the parent's, child's, and state's interests in the fact finding process.

*Id.*

¶ 18. With this framework in mind, we examine the CHIPS provisions in WIS. STAT. ch. 48 to determine whether there is any procedure for dismissal by the party filing the CHIPS petition—in this case, the district attorney. Kenneth contends there is none and, therefore, WIS. STAT. § 805.04(1) governs. The circuit court responds that two provisions, WIS. STAT. §§ 48.32(1) and 48.21(7), are inconsistent with a voluntary dismissal under § 805.04(1) without court approval.

¶ 19. WISCONSIN STAT. § 48.32 addresses consent decrees. It authorizes the court at any time after a CHIPS petition is filed and before entry of judgment to suspend the proceedings and place the child under supervision on specified conditions, upon agreement of the child (if 12 or older), parent, guardian or legal custodian, and person filing the petition. Section 48.32(1). This consent decree remains in effect up to six months unless the court either discharges it or orders resumption of the CHIPS proceedings earlier; the court may also order an extension. Section 48.32(2) and (3). While this section demonstrates one method by which the court may be involved in the disposition of a case apart from adjudication of the allegations in the peti-

tion, it does not address voluntary dismissal of the petition by the district attorney and it is not necessarily inconsistent with WIS. STAT. § 805.04(1).

¶ 20. The same is true of WIS. STAT. § 48.21(7). Section 48.21 governs the hearing that must be held when a child is taken into custody. With certain exceptions, a petition must be filed before the hearing. Section 48.21(1)(a). Section 48.21(7) authorizes the court, if it "determines that the best interests of the child and the public are served[,]" to "enter a consent decree under s. 48.32 or order the petition dismissed and refer the matter to the intake worker for informal disposition in accordance with s. 48.245." The court's authority to dismiss a petition in these circumstances is not necessarily inconsistent with the district attorney having the authority to voluntarily dismiss a petition without the court's approval but with the consent of all parties.

¶ 21. Although WIS. STAT. §§ 48.32(1) and 48.21(7) do not persuade us that WIS. STAT. § 805.04(1) is inapplicable in a CHIPS proceeding, two other provisions do: WIS. STAT. §§ 48.24(4) and 48.25(3). For context, we begin with the procedure for filing petitions.

¶ 22. Information that a child may be in need of protection or services is referred to the court intake worker, who performs his or her duties under written policies promulgated by the court exercising jurisdiction under WIS. STAT. ch. 48. WIS. STAT. §§ 48.24(1), (6); WIS. STAT. § 48.02(2m), (3), (10); WIS. STAT. § 48.06. The intake worker is to "conduct an intake inquiry on behalf of the court to determine whether the available facts establish prima facie jurisdiction[3] and to determine the best interests of the child . . . and of the public with

---

[3] The court has jurisdiction over children alleged to be in need of protection or services if the child meets one of the conditions established in WIS. STAT. § 48.13.

517

regard to any action to be taken." Section 48.24(1) (footnote added). As a result of the intake inquiry, the intake worker may decide to close the case, enter into a written informal disposition, or request that the district attorney file a petition with the court. Section 48.24(3) and (4); WIS. STAT. § 48.245.[4]

¶ 23. Regarding dismissal of a petition by the district attorney, WIS. STAT. § 48.24(4) provides: "If a petition has been filed, informal disposition may not occur or a case may not be closed unless the petition is withdrawn by the district attorney . . . or is dismissed by the judge." This provision uses the word "withdraw" rather than "dismiss" for the district attorney's action, and it does not specify a procedure for the "withdrawing." *Id.* However, it does tell us that a case cannot be closed unless the district attorney withdraws the petition or the court orders dismissal of the petition. *Id.* This provision does not suggest that the other parties have a role in the decision to close a case.

█

¶ 24. Reading WIS. STAT. § 48.24(4) in isolation, one might argue that the district attorney who has filed a CHIPS petition may unilaterally withdraw the petition any time without court approval. However, when we construe statutes we do not consider them in isolation but in the context of surrounding or closely related statutes. *State ex rel. Kalal v. Circuit Court,* 2004 WI 58, ¶ 46, 271 Wis. 2d 633, 681 N.W.2d 110. WISCONSIN STAT. § 48.25(3) is a closely related statute:

---

[4] WISCONSIN STAT. § 48.24(3) and (4) refers not only to "the district attorney" but also to "corporation counsel or other official specified in 48.09." For simplicity's sake wherever this statutory language appears we refer only to the district attorney.

> If the district attorney . . . refuses to file a petition, any person may request the judge to order that the petition be filed and a hearing shall be held on the request. The judge may order the filing of the petition on his or her own motion. The matter may not be heard by the judge who orders the filing of a petition.

Reading § 48.24(4) together with § 48.25(3), we conclude the only reasonable construction of the former is that the district attorney may not withdraw a petition without the approval of the court. The legislature has plainly expressed an intent in § 48.25(3) to give the court, not the district attorney, the ultimate authority to decide whether a petition should be filed and maintained. If the district attorney could unilaterally withdraw a petition without a court's authority, the court's authority to order the filing of a petition would be nullified. A district attorney could follow the court's directive under § 48.25(3) but then unilaterally withdraw the petition.

¶ 25. We therefore conclude that, once a district attorney has filed a CHIPS petition, under WIS. STAT. § 48.24(4) the district attorney may withdraw it only with the approval of the court.[5] This procedure is different from and inconsistent with both the options under WIS. STAT. § 805.04(1) because neither requires court approval. Accordingly, § 805.04(1) does not apply in a CHIPS proceeding.

---

[5] We recognize that the last sentence of WIS. STAT. § 48.25(3) —"[t]he matter may not be heard by the judge who orders the filing of a petition"—raises an issue in the context of a district attorney's request for approval for withdrawing a petition: if the court denies approval, must the matter be heard by another judge? However, the parties have not briefed this issue and it is not necessary to decide it in order to resolve the petition before us.

¶ 26. Because WIS. STAT. § 805.04(1) does not apply in the CHIPS action, the court does not have a plain duty to sign the dismissal order solely because the parties stipulated to a dismissal. For the same reason, the clerk of court does not have a plain duty to dismiss the action based solely upon the stipulation. Therefore we deny the petition for a supervisory writ.[6]

*By the Court.*—Writ denied.

---

[6] We have found it unnecessary to decide the parties' dispute over whether the circumstances occurring after the filing of this petition for a supervisory writ rendered the petition moot. However, an aspect of Kenneth's brief on this issue requires our comment.

The circuit court asserts this petition is moot because the parties, with the exception of Kenneth, no longer wish to stipulate to dismissal because the mother, J. J.-M., no longer agrees to the amended temporary order and the stipulation is contingent on that agreement. Kenneth's position is that no event after January 8, 2008, is relevant to the issue he raises in this petition and that issue is not moot. Kenneth's brief asserts that the circuit court "has engaged in a concerted effort to build an alternative record subsequent to the filing of this Petition" in order to justify its actions and render moot the issue he seeks to raise before this court. He describes the circuit court's actions as "improper and outrageous."

We admonish Kenneth's counsel that this manner of describing the circuit court's actions is disrespectful and therefore inappropriate. Counsel has a professional obligation to state his disagreement with the court's actions by explaining the error or errors the court committed with reference to legal arguments, instead of by using pejorative adjectives.