In the MATTER OF the John DOE PETITION:

Hakim NASEER,
Petitioner,

v.

The Honorable James MILLER,
Respondent.
[Case No. 2009AP2578-W.]

In the MATTER OF the John DOE PETITION:

Hakim NASEER,
Petitioner,

v.

CIRCUIT COURT FOR GRANT COUNTY and
the Honorable Craig R. Day, presiding,
Respondents.
[Case No. 2010AP636-W.]

Court of Appeals

*Nos. 2009AP2578–W, 2010AP636–W.*
*Submitted on a petition April 30, 2010.*
*—Decided September 9, 2010.*

2010 WI App 142

(Also reported in 793 N.W.2d 209.)

Before Vergeront, P.J., Lundsten and Sherman, JJ.

¶ 1. SHERMAN, J. In Appeal No. 2009AP2578–W, arising out of Columbia County, Hakim Naseer petitions for a supervisory writ of mandamus seeking to

compel Judge James Miller to issue a criminal complaint in a John Doe proceeding. He alleges that a prison guard committed a criminal act by denying him a full course meal or an adequate serving of a hot meal, in retaliation for his having used abusive language toward the guard.

¶ 2. In a consolidated appeal, Appeal No. 2010AP636–W, arising out of Grant County, Naseer petitions for a supervisory writ of mandamus seeking to compel Judge Craig R. Day to issue a criminal complaint in a separate John Doe proceeding. He alleges that during an escort procedure, a prison guard in Grant County committed a criminal act by squeezing his neck, for no legitimate purpose, to the point that he was "gag[g]ing and gasping for oxygen." He further alleges that as a result of the guard's actions, he had to seek unspecified medical attention.

¶ 3. We ordered the cases consolidated because they appeared to raise related questions regarding the proper interpretation of the recently amended John Doe statute, WIS. STAT. § 968.26 (2007–08),[1] on which

[1] All references to the Wisconsin Statutes are to the 2007–08 version unless otherwise noted. Prior to its 2009 amendment, WIS. STAT. § 968.26 provided in pertinent part as follows:

> If a person complains to a judge that he or she has reason to believe that a crime has been committed within his or her jurisdiction, the judge shall examine the complainant under oath and any witnesses produced by him or her and may, and at the request of the district attorney shall, subpoena and examine other witnesses to ascertain whether a crime has been committed and by whom committed . . . . If it appears probable from the testimony given that a crime has been committed and who committed it, the complaint

728

issues the State requested a published opinion. *See* 2009 Wis. Act 24, §§ 3–5 (eff. June 27, 2009). For the reasons discussed below, we deny the supervisory writ in the Columbia County case but grant the supervisory writ in the Grant County case.

## DISCUSSION

¶ 4.   A supervisory writ of mandamus is a mechanism by which a court may compel a public official to perform a legally obligated act. *State ex rel. Robins v. Madden*, 2009 WI 46, ¶ 10, 317 Wis. 2d 364, 766 N.W.2d 542. Because a supervisory writ "invokes our supervi-

---

may be reduced to writing and signed and verified; and thereupon a warrant shall issue for the arrest of the accused.

*See* § 968.26. 2009 Wis. Act. 24 §§ 3–5 amended § 968.26 as follows:

(1) If a district attorney requests a judge to convene a proceeding to determine whether a crime has been committed in the court's jurisdiction, the judge shall convene a proceeding described under sub. (3) and shall subpoena and examine any witnesses the district attorney identifies.

(2)(a) Except in par. (am), in this subsection, "district attorney" includes a prosecutor to whom the judge has referred the complaint under par. (am).

(2)(am) If a person who is not a district attorney complains to a judge that he or she has reason to believe that a crime has been committed within the judge's jurisdiction, the judge shall refer the complaint to the district attorney or, if the complaint may relate to the conduct of the district attorney, to another prosecutor under s. 978.045.

sory authority, it 'is considered an extraordinary and drastic remedy that is to be issued only upon some grievous exigency.' " *State ex rel. Kenneth S. v. Circuit Court for Dane County*, 2008 WI App 120, ¶ 8, 313 Wis. 2d 508, 756 N.W.2d 573 (quoted source omitted). This court will not issue a supervisory writ unless the party seeking relief acts promptly and faces grave hardship or irreparable harm for which there is no other adequate remedy at law, and the circuit court has clearly violated a plain duty. *State ex rel. Kalal v. Circuit Court for Dane County*, 2004 WI 58, ¶ 17, 271 Wis. 2d 633, 681 N.W.2d 110.

¶ 5.   Here, in both cases, we are satisfied that Naseer has acted promptly, and that he has no other remedy than by supervisory writ. *See State ex rel. Unnamed Person No. 1 v. State*, 2003 WI 30, ¶ 23, 260 Wis. 2d 653, 660 N.W.2d 260 (John Doe proceedings are not reviewable by appeal because the judge is not acting as the circuit court). Whether a supervisory writ is warranted in these cases thus turns upon whether either judge clearly violated a plain duty under the amended John Doe statute. An act which requires the exercise of discretion does not present a clear legal duty and cannot be compelled through mandamus. *Law Enforcement Standards Bd. v. Village of Lyndon Station*, 101 Wis. 2d 472, 494, 305 N.W.2d 89 (1981). Accordingly, in order to determine whether either of the judges here clearly violated a plain legal duty, we must first determine what, if any, mandatory actions the amended John Doe statute required them to take upon the complaints before them.

¶ 6.   We begin our analysis with an overview of the key provisions of the amended John Doe statute. Under the amended version of Wis. STAT. § 968.26(2), a judge

730

shall refer a John Doe complaint to the district attorney whenever a person claims to have "reason to believe that a crime has been committed within the judge's jurisdiction." Section 968.26(2)(am) (eff. June 27, 2009); *see* 2009 Wis. Act 24 § 3. If a judge refers a matter to the district attorney, but the district attorney subsequently refuses to issue charges, the district attorney shall forward to the judge any investigative reports, along with the case file and a written explanation for the refusal to issue charges. Section 968.26(2)(b) (eff. June 27, 2009); *see* 2009 Wis. Act 24, § 5. After considering those materials and any other written records the judge finds relevant, the judge shall convene a proceeding if the judge determines it is "necessary to determine if a crime has been committed." *Id.* If the judge determines that a proceeding is necessary, it shall "subpoena and examine under oath the complainant and any witnesses that the judge determines to be necessary and appropriate" to ascertain whether and by whom a crime may have been committed, and shall consider the credibility of any such witnesses. Section 968.26(2)(c) (eff. June 27, 2009); *see* 2009 Wis. Act. 24 § 3. However, the extent to which the examination will proceed is within the judge's discretion. Section 968.26(3); *see* 2009 Wis. Act 24, § 3. Finally, if the judge "finds sufficient credible evidence to warrant a prosecution," it may issue a criminal complaint. Section 968.26(2)(d) (eff. June 27, 2009); *see* 2009 Wis. Act 24, § 5.

■

¶ 7.  To summarize, under the revised scheme a John Doe judge must potentially undertake four inquiries:  (1) decide whether to refer the John Doe complaint to the district attorney in the first instance; (2) decide whether it is necessary to conduct any additional proceedings if the district attorney chooses

not to issue charges; (3) determine what, if any, witnesses to subpoena and examine if additional proceedings are deemed necessary; and (4) decide whether to issue a criminal complaint if the judge finds that the additional proceedings have produced sufficient credible evidence to warrant prosecution. The two cases currently before us both raise questions about the first step—namely, whether or under what circumstances a judge has a mandatory duty to refer a John Doe complaint to the district attorney.

¶ 8. In the Columbia County case, Judge Miller referred the complaint to the district attorney before conducting an analysis of its merits on the theory that the statute's use of the word "shall" makes such referrals automatic. After the district attorney declined to prosecute, Judge Miller determined that no further proceedings were necessary because the facts alleged in the complaint—namely, that a prison official had served Naseer a single meal that was cold and/or less than a standard serving size—did not constitute a criminal act, even if true.

¶ 9. In the Grant County case, Judge Day refused to refer the complaint to the district attorney because he concluded that the facts alleged there—namely, that a guard had unnecessarily squeezed Naseer's neck to the point of impairing his breathing—when taken in conjunction with Naseer's history of filing unsubstantiated John Doe complaints against prison guards, failed to establish "reason to believe" that an actual crime had been committed.

¶ 10. We acknowledge that the use of the word "shall" typically signals a mandatory duty. *See State ex rel. Reimann v. Circuit Court for Dane County*, 214 Wis. 2d 605, 614, 571 N.W.2d 385 (1997). However, we note that the prior John Doe statute similarly used the

word "shall" for its initial requirement that a judge examine a complainant who claimed to have "reason to believe that a crime has been committed within his or her jurisdiction." WIS. STAT. § 968.26. Notwithstanding the use of the word shall, that provision was interpreted to impose a mandatory duty upon the judge only if the complainant also provided sufficient factual allegations to establish an objective reason to believe that a punishable crime has been committed. *Reimann*, 214 Wis. 2d. at 615–23 ("once a John Doe complainant has shown that he or she has reason to believe that a crime has been committed, the judge has no discretion to refuse to examine the complainant"). In other words, the prior statute required an initial evaluation of whether there was reason to believe a crime had been committed that was limited to the four corners of the complaint and did not include any credibility determinations or review of any extrinsic materials. *See id.*, 214 Wis. 2d at 615; *State ex rel. Williams v. Fiedler*, 2005 WI App 91, ¶¶ 24–28, 282 Wis. 2d 486, 698 N.W.2d 294. Such an interpretation avoided the absurd result of requiring additional proceedings where the facts alleged could not possibly constitute a crime. *Reimann*, 214 Wis. 2d at 623.

██ ██

¶ 11. When the legislature enacts or revises a statute, it is presumed to act with full knowledge of existing laws and prior judicial interpretations of them. *See State v. McKee*, 2002 WI App 148, ¶ 12, 256 Wis. 2d 547, 648 N.W.2d 34. We therefore conclude that the same interpretation of the "reason to believe" language relating to the prior statute's examination duty should also apply to the amended statute's referral duty. That is, under the amended statute, a judge has a mandatory duty to refer a John Doe complaint to the district

attorney only if the four corners of the complaint provide a sufficient factual basis to establish an objective reason to believe that a crime has been committed in the judge's jurisdiction. This interpretation also comports with the intended purpose of a John Doe proceeding to serve "both as an inquest into the discovery of crime and as a screen to prevent 'reckless and ill-advised' prosecutions." *Reimann*, 214 Wis. 2d at 621 (citation omitted).

¶ 12. Applying this standard to the Columbia County John Doe complaint, we agree with Judge Miller's conclusion that Naseer failed to allege facts sufficient to establish reason to believe that a crime had been committed. Contrary to Naseer's assertions, serving a cold meal or a small portion at a single meal does not deprive an inmate of the "basic need for food," in violation of WIS. STAT. § 940.285; it does not constitute neglect or ill-treatment of a person confined in a penal institution in violation of WIS. STAT. § 940.29; it does not constitute misconduct in public office in violation of WIS. STAT. § 946.12; and it does not constitute harassment in violation of WIS. STAT. § 947.013. While prisoners have a right to sufficient food to provide adequate nutrition, there is no requirement that the food be tasty or even appetizing. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1432 (7th Cir. 1996); *Lunsford v. Bennett*, 17 F.3d 1574, 1580 (7th Cir. 1994). Naseer's complaint provides no information that would establish that he was in any way malnourished from the single, objectionable meal, or that there was any ongoing pattern of depriving him of nutritionally adequate meals. Because Judge Miller was not obligated to refer Naseer's complaint to the district attorney in the first instance, he was certainly

not obligated to conduct further proceedings.[2] We therefore deny the petition for supervisory writ of mandamus as to Judge Miller.

¶ 13.  Applying the objective reason to believe standard to the Grant County case, we conclude that the complaint should have been referred to the district attorney. Critical to our analysis is the requirement that the initial evaluation be limited to the four corners of the complaint. Judge Day erred by considering Naseer's history of filing unsubstantiated John Doe complaints, information that is extrinsic to the complaint. A litigant's history of abusing the legal process may certainly be considered at a subsequent stage of the proceeding, along with any other materials forwarded to the court by the district attorney.[3] It cannot, however, be used to determine whether the facts alleged in a particular complaint establish reasonable cause to believe that a crime was committed.

¶ 14.  Focusing on the allegations in the complaint, and ignoring Naseer's history of filing frivolous complaints against prison officials, we conclude that his allegations that a prison guard squeezed his neck to the point of impairing his breathing, without any legitimate purpose for the chokehold, could conceivably support a charge of battery or some other offense. We therefore

---

[2] In light of our conclusion that Naseer's Columbia County complaint failed to provide an objective reason to believe a crime had been committed, it is not necessary for us to address here what, if any, additional factors the court might have needed to consider in order to determine whether a hearing was necessary had the complaint been adequate.

[3] We note that even a litigant who has abused the legal process in the past may find himself to be the victim of an actual crime.

grant the supervisory writ of mandamus to Judge Day, and remand with directions that he refer the John Doe complaint to the Grant County District Attorney's office.

*By the Court.*—Writ in 2009AP2578–W denied; writ in 2010AP636–W granted.