**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 18, 2015[*]
Decided June 18, 2015

**Before**

RICHARD A. POSNER, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 14-3740

| | |
|---|---|
| STEVEN JOHNSON, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Eastern District of Wisconsin. |
| | |
| *v.* | No. 14-C-1049 |
| | |
| DAVID A. HANSHER, et al., | William E. Callahan, Jr., |
| *Defendants-Appellees*. | *Magistrate Judge*. |

**O R D E R**

Steven Johnson brought this civil-rights suit against three Milwaukee County assistant district attorneys who he says violated his Sixth Amendment rights during his state criminal proceedings, and two Milwaukee County Circuit Court judges who he says refused to rule upon his petition to initiate a "John Doe proceeding" against the

---

[*] The appellees were not served in the district court and are not participating in this appeal. After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the appellant's brief and the record. *See* FED. R. APP. P. 34(a)(2)(C).

assistant district attorneys. *See* WIS. STAT. § 968.26(2)(am).[1]  At screening, *see* 28 U.S.C. § 1915A, the district court dismissed Johnson's claims as barred by *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). Johnson appeals, and we affirm, though on the ground that the defendants are entitled to absolute immunity. *See* 28 U.S.C. § 1915A(b)(2).

Johnson based his claims on the following allegations, which we regard as true for purposes of this appeal. *See Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Johnson was prosecuted in the Circuit Court of Milwaukee County for robbery. Even though prosecutors did not present the alleged robbery victim as a witness at trial—a decision that Johnson's attorney objected to—Johnson was convicted. He filed a John Doe petition in the Circuit Court of Milwaukee County claiming that the prosecutors' decision not to call the alleged victim was motivated by racial bias (Johnson is black) and violated his Sixth Amendment right to confront the witnesses against him. His petition has yet to be ruled on.

Meanwhile, Johnson brought this action under 42 U.S.C. § 1983 in the district court alleging that two Milwaukee County Circuit Court judges (Chief Judge Jeffrey Kremers and Judge David Hansher) intentionally refused to issue a decision on his petition to initiate a John Doe proceeding because he is black. Johnson later amended his complaint to allege that the assistant district attorneys violated his Sixth Amendment rights as outlined in his John Doe petition in state court.[2]  Based on those claims Johnson sought relief in the form of money damages.

---

[1]  A John Doe proceeding is an investigatory device, akin to a grand jury proceeding but lacking the oversight of a jury. *See O'Keefe v. Chisholm*, 769 F.3d 936, 942–43 (7th Cir. 2014); *United States v. Stadfeld*, 689 F.3d 705, 711 (7th Cir. 2012). It is convened by a judge at the request of a prosecutor. *See* WIS. STAT. § 968.26(1). If a person in Wisconsin has reason to believe that a crime has been committed, and wants a prosecutor to initiate a John Doe proceeding, he can file a John Doe petition with a circuit court judge in the jurisdiction where he thinks the crime was committed. *See* WIS. STAT. § 968.26(2)(am); *In re Doe*, 766 N.W.2d 542, 546–47 (Wis. 2009). The judge may either deny the petition, if it does not "provide a sufficient factual basis to establish an objective reason to believe that a crime has been committed," or refer the petition to a district attorney for further investigation. *See In re John Doe Petition*, 793 N.W.2d 209, 212–13 (Wis. Ct. App. 2010).

[2]  In his original complaint, Johnson also sued Jeremiah Van Hecke, the Executive Director of the Wisconsin Judicial Commission, alleging that he had violated his rights

The district court screened Johnson's complaint, dismissed it, and assessed Johnson a strike. *See* 28 U.S.C. § 1915(g). The court, believing that Johnson had abandoned his claim against the state court judges when he amended his complaint, discussed only his claim against the prosecutors challenging the constitutionality of his criminal trial. That claim, the court concluded, was barred by *Heck*, 512 U.S. at 486–87, because a judgment in his favor would necessarily imply the invalidity of his conviction. The district court entered judgment dismissing Johnson's complaint with prejudice. *See* FED. R. CIV. P. 41(b).

Johnson sought reconsideration because the court failed to rule on his claims against the state court judges. In Johnson's view, his amended complaint should have supplemented rather than superseded the allegations of his original complaint, and his claim against the state court judges for failing to rule on his John Doe petition was not barred by *Heck*.

The district court denied the motion for reconsideration, explaining that its screening order had addressed only the allegations set forth in the "Statement of Claim" portion of Johnson's amended complaint—allegations of an unconstitutional criminal trial—and that claim was *Heck*-barred. As for Johnson's charge that it had overlooked his claim against the state court judges, the court determined—based on an attachment to the complaint—that the John Doe petition already had been denied.

On appeal Johnson challenges generally the dismissal of his claim against the assistant district attorneys. His challenge goes nowhere, though for reasons different than those given by the district court.

The district court dismissed Johnson's claim against the prosecutors as barred under *Heck*, a dismissal that should have been without prejudice, *see Moore v. Burge*, 771 F.3d 444, 446 (7th Cir. 2014). But Johnson's claim was properly dismissed *with* prejudice because from the face of the complaint it is clear that the prosecutors are entitled to absolute immunity. *See* 28 U.S.C. § 1915A(b)(2). A prosecutor is absolutely immune from a suit for damages under § 1983 for acts performed in his role as "an advocate for the state" during the judicial phase of the criminal process. *Buckley v. Fitzsimmons*, 509 U.S. 259, 272–73 (1993); *see Hartman v. Moore*, 547 U.S. 250, 261–62 (2006); *Imbler v. Pachtman*, 424 U.S. 409, 427–29 (1976); *Thomas v. City of Peoria*, 580 F.3d 633, 638–39 (7th Cir. 2009). In his complaint Johnson challenges the assistant district attorneys' decision not to call the

---

by refusing to file an ethics complaint against the judges. But Johnson has abandoned that claim on appeal.

victim as a witness during his criminal trial, but their choice of which evidence to present is protected by absolute prosecutorial immunity, which precludes the damage award that Johnson seeks. *See Fields v. Wharrie*, 740 F.3d 1107, 1111 (7th Cir. 2014).

Next, Johnson generally challenges the district court's dismissal of his claim against the state court judges and asserts that the district court wrongly concluded that his John Doe petition already had been ruled upon. But Johnson's claim against the judges also must be dismissed on grounds of absolute immunity. Judicial immunity applies to actions of a judge performed in his judicial capacity. *See Dawson v. Newman*, 419 F.3d 656, 661 (7th Cir. 2005); *Dellenbach v. Letsinger,* 889 F.2d 755, 759–60 (7th Cir. 1989). "[W]hether an act by a judge is a 'judicial' one relate[s] to the nature of the act itself, *i.e.,* whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.,* whether they dealt with the judge in his judicial capacity." *Stump v. Sparkman*, 435 U.S. 349, 362 (1978); *see Mireles v. Waco*, 502 U.S. 9, 12 (1991). The review of a John Doe petition is protected by absolute immunity because it is an act normally performed by a judge in his capacity as a judicial officer. *See Harris v. Harvey*, 605 F.2d 330, 336 (7th Cir. 1979); *see also State v. Washington*, 266 N.W.2d 597, 604–05 (Wis. 1978) ("The John Doe judge is a judicial officer who serves an essentially judicial function.").

AFFIRMED.