IN RE the MARRIAGE OF:

Linda HALKO, Petitioner,

STATE of Wisconsin,
Appellant,

v.

Lawrence M. HALKO,
Respondent-Respondent.

Court of Appeals

*No. 2004AP1228. Submitted on briefs February 3, 2005.
—Decided April 13, 2005.*

2005 WI App 99

(Also reported in 698 N.W.2d 832.)

On behalf of the appellant, the cause was submitted on the briefs of *Lee D. Huempfner*, Walworth County Assistant Corporation Counsel.

On behalf of the respondent-respondent, the cause was submitted on the brief of *Terry P. Race* of Whitewater.

Before Brown, Nettesheim and Snyder, JJ.

¶ 1. BROWN, J.   This case arises under the Uniform Interstate Family Support Act, WIS. STAT. ch. 769 (2003–04).[1] A father objected to the circuit court's registration of a divorce judgment awarding child support. He presented to the family court commissioner evidence of a defense against registration but was unable to gather additional evidence necessary to com

---

[1] All references to the Wisconsin Statutes are to the 2003–04 version unless otherwise noted.

plete his defense because he could not get his former wife to attend a deposition in Wisconsin. The circuit court granted his motion to dismiss for discovery violations. We agree that courts have both statutory and inherent authority to impose such a sanction. However, the law requires a finding of egregious conduct by the violating party as a prerequisite to the severe penalty of dismissal. Accordingly, we remand to the circuit court to either determine whether such egregious conduct occurred or to fashion other appropriate relief that does not require such a finding.

¶ 2.   Linda Halko and Lawrence M. Halko married and later divorced in Cook County, Illinois. The judgment of divorce, entered August 24, 1990, awarded custody of the couple's three minor daughters to Linda and ordered Lawrence to pay child support. After the divorce, both parties moved from Illinois—Lawrence to Wisconsin and Linda to Florida.

¶ 3.   In September 2002, the State of Florida filed a request for registration of the divorce judgment for purposes of enforcing the child support award. The request alleged that Lawrence was in arrears on his support payments to the extent of $39,762.35. Pursuant to the request, the judgment was registered in Walworth county.

¶ 4.   Lawrence objected to this registration, and the family court commissioner held a hearing in November. The State of Wisconsin appeared in support of the registration. Following that hearing, the commissioner found that Lawrence had presented evidence establishing a full or partial defense and ordered an additional evidentiary hearing. The order also found that Linda was a party to the action equivalent to a plaintiff and therefore was subject to Wisconsin's rules of civil procedure, including discovery.

¶ 5.   Linda did not attend a December 4 deposition that Lawrence's counsel had scheduled in order for Linda to identify some documents, so in January 2003, Lawrence moved the court for an order compelling her to complete discovery. The circuit court held a motion hearing in March and ordered Linda to make herself available for discovery at the convenience of Lawrence's counsel within thirty days, by April 5.[2]

¶ 6.   In April, Lawrence moved to dismiss the case, alleging that Linda had not responded to the March order. At a June 6 hearing on the matter—at which Linda appeared by telephone—the circuit court informed Linda that if she received a notice of deposition that required her to be present in Wisconsin, she would have to attend or risk sanctions. The court warned her that sanctions might include dismissal.

¶ 7.   On July 3, Lawrence's counsel sent Linda via Federal Express a notice of deposition requiring her to appear on July 17. Linda received the notice on July 7 but again failed to appear for the scheduled deposition. Lawrence filed another motion to dismiss the case in September, and the court granted his motion at a November 14 hearing. The court stayed the order for thirty days and agreed not to dismiss the case if Linda complied within that time. She did not comply, so the court signed an order dismissing the case on February 2, 2004. The State appeals.

¶ 8.   The parties dispute two issues. First, they disagree about whether WIS. STAT. § 804.12, which allows the court to dismiss an action as a sanction for

---

[2] The order was signed and filed March 18 but made retroactive to March 6. Thus, the thirty-day time limit began on March 6, ending April 5.

discovery violations, applies to actions involving a contest of registration or enforcement of child support orders pursuant to WIS. STAT. § 769.607. This issue requires us to construe both statutes, a task that calls for our independent review. *See Hamilton v. Hamilton*, 2003 WI 50, ¶ 14, 261 Wis. 2d 458, 661 N.W.2d 832. Next, they debate whether, assuming the applicability of § 804.12, the court erred by dismissing the case without considering alternative sanctions or finding Linda's conduct egregious. Whether dismissal was appropriate in this particular case depends on whether the circuit court properly exercised its discretion. *See Sentry Ins. v. Davis*, 2001 WI App 203, ¶ 19, 247 Wis. 2d 501, 634 N.W.2d 553. We will uphold the circuit court's decision so long as it examined the relevant facts, applied the proper legal standards, and, using a demonstrated rational process, reached a conclusion a reasonable judge could reach. *Id.*

¶ 9.   The State observes that WIS. STAT. § 769.607 does not list discovery violations among the seven defenses it enumerates against registration of a support order. Thus, it argues, the legislature could not have intended discovery violations as a defense to registration. It also comments that WIS. STAT. § 769.318 addresses discovery in interstate actions and concludes that, taken together, these two statutes contemplate different procedures than those set forth in the general discovery rules contained in WIS. STAT. ch. 804. Accordingly, the State maintains that these more specific provisions supercede the more general discovery rules. ■

¶ 10.   We disagree with the State's analysis and conclude that circuit courts have both statutory and inherent authority to dismiss a case for discovery violations. We turn first to our statutory authority.

Pursuant to Wis. Stat. § 804.12(4), when a party fails to attend his or her deposition, the court may make such orders as are just with regard to that failure, including sanctions authorized in § 804.12(2)(a)1. to 3. Dismissal of the action or any part thereof is among those sanctions. Section 804.12(2)(a)3. The State concedes that Wis. Stat. § 801.01(2) makes Wis. Stat. chs. 801 to 847 applicable "except where different procedure is prescribed by statute or rule." Also, this court has stated in the past that "mere alleged incompatibility [with another statute], without an explicit or implicit prescription by the statute of a 'different procedure,' will not bar the application of the provisions of Chapter[s] 801 to 847 to civil actions and special proceedings." *See State v. Brown*, 215 Wis. 2d 716, 725, 573 N.W.2d 884 (Ct. App. 1997).

¶ 11.   Not a single provision in Wis. Stat. ch. 769 suggests different methods of conducting discovery or different sanctions for discovery violations. We acknowledge that Wis. Stat. § 769.318 "addresses discovery," but this section, entitled, "Assistance with discovery" merely apprises us that ch. 769 contemplates the use of discovery. Section 769.318(1) allows a Wisconsin tribunal to entreat a tribunal of another state to assist in discovery. We must look to other statutes to ascertain the methods of conducting this shared discovery and the sanctions for noncompliance with that process.

■

¶ 12.   Similarly, Wis. Stat. § 769.607 does not set forth or imply the use of any specific alternative procedures to those specified in the general discovery statutes. The statute obviously contemplates the necessity of discovery. When a party presents evidence of a full or partial defense, § 769.607(2) allows the circuit court to permit production of additional relevant evidence and

to issue "other appropriate orders." Parties need discovery to obtain relevant evidence from each other. We cannot reasonably conclude that the statute allows discovery but repudiates all the discovery rules without suggesting any new ones. *See Culligan v. Cindric*, 2003 WI App 180, ¶ 10, 266 Wis. 2d 534, 669 N.W.2d 175 (we aim to give statutes a reasonable construction that reflects the intent of the legislature). Accordingly, "other appropriate orders" must include appropriate orders consistent with standard discovery rules, including sanctions for violations.

¶ 13.  In addition to its statutory authority, the circuit court also possesses the inherent authority to make such an order. Aside from the constitutional powers expressly granted to us, courts also have inherent or implied powers that enable us to carry out our constitutionally or legislatively mandated functions, transact our business, and maintain our dignity. *City of Sun Prairie v. Davis*, 226 Wis. 2d 738, 747–48, 595 N.W.2d 635 (1999). This inherent authority includes the power of a court to ensure that it "functions efficiently and effectively to provide the fair administration of justice." *Id.* at 749–50. Accordingly, our supreme court has held that we may impose sanctions on parties who fail to comply with applicable procedural rules and court orders in order to enforce such orders and ensure the prompt disposition of lawsuits. *Chevron Chem. Co. v. Deloitte & Touche*, 176 Wis. 2d 935, 946–47, 501 N.W.2d 15 (1993). Permissible sanctions include dismissal. *See Johnson v. Allis-Chalmers Corp.*, 155 Wis. 2d 344, 350, 455 N.W.2d 657 (Ct. App. 1990) ("It is beyond dispute that trial courts have the authority to impose sanctions—including dismissal—for failure to . . . obey pretrial discovery . . . orders."), *aff'd*, 162

Wis. 2d 261, 470 N.W.2d 859 (1991). We reject the State's argument that the sanction of dismissal for violations of discovery rules is unavailable to a circuit court in a WIS. STAT. ch. 769 proceeding.

¶ 14. Although the foregoing reveals that dismissal can be a permissible sanction for noncompliance with a discovery order, this harsh penalty is appropriate only in extraordinary circumstances. The circuit court should not consider it without first determining that the violating party's noncompliance constituted egregious conduct. *See Sentry Ins.*, 247 Wis. 2d 501, ¶ 20; *Chevron Chem. Co.*, 176 Wis. 2d at 947. The State reminded the court at the November 14 hearing that such a finding was a necessary prerequisite to dismissal.

> [E]ven if the remedy of dismissal was available, and I'm not saying that it is, but even if the Court finds that that remedy is available under [WIS. STAT. §] 804.12, the Court also has to find that Mrs. Halko's conduct was egregious. It has to show that – that the flagrant conduct is designed to prevent the discovery of this evidence.

In granting the motion for dismissal, however, the court never addressed whether Linda acted egregiously. This omission constituted an erroneous exercise of the circuit court's discretion. On remand, the circuit court may dismiss the case only if it finds Linda's conduct egregious. Alternatively, the court may use its discretion to impose other sanctions that do not require such a finding, to employ other means of obtaining the required discovery, or some combination thereof.

¶ 15. We note that the circuit court's rationale for granting Lawrence's dismissal request appeared to be its confusion as to what alternatives it had, given that discovery was necessary.

> [T]he Family Court Commissioner said, wait a minute, there has to be more evidence taken here . . . . I am at a little bit of a loss as to what option I have . . . . Well, I can do this. I will grant the motion to dismiss. I will order it, but I will stay that order for thirty days. If she submits to discovery as previously ordered, then that stay will remain in effect. If she doesn't, she's out. I want to accommodate her. I want to give her every opportunity, but there are two sides to this case and the other side has some rights, especially if he has a defense under [WIS. STAT. § 769.607(1)(f)]. How else are we going to get there?

We observe that the circuit court has available to it several potential means of obtaining the desired information. As we mentioned above, for example, WIS. STAT. § 769.318 allows a Wisconsin tribunal to request another state to assist in discovery. Perhaps the circuit court could request the assistance of a Florida tribunal.

¶ 16. Moreover, Lawrence's counsel alluded at an earlier hearing to the possibility of a video deposition so that Linda could look at the documents Lawrence needed her to authenticate. WISCONSIN STAT. § 885.42(1) expressly permits this means of taking a deposition. *See also generally* WIS. STAT. §§ 885.40 to 885.47. Commentators have pointed out the benefits of video technology in circumstances when travel is inconvenient or unduly expensive for an important witness. *See* Stuart G. Mondschein, *Lights, Camera, Action: Videoconference Trial Testimony,* WISCONSIN LAWYER, July 1997, at 14, 16;

GREGORY T. JONES, LEX, LIES & VIDEOTAPE, 18 U. ARK. LITTLE ROCK L.J. 613, 616 (1996). The circuit court may consider this option.

¶ 17.　The circuit court may also conclude that an appropriate sanction for Linda's discovery violation might either give Linda sufficient incentive to comply with her discovery obligations or dispense with the need for her cooperation. For example, WIS. STAT. § 804.12(2)(a)1. provides, "An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order[.]" Lawrence needs Linda to authenticate documents. Based on this section, the circuit court has the authority to admit the authenticity of those documents. It may also stay the proceedings and refuse to enforce the registered order until Linda obeys the court's orders. See WIS. STAT. §§ 804.12(2)(a)3. and 769.607(2).

¶ 18.　We emphasize that we do not instruct the circuit court to make any particular order or take any specific course of action. We merely hold that it must not dismiss this case unless it finds that Linda behaved egregiously. Otherwise, it may consider only lesser sanctions that do not require such a finding. The court may also use its discretion to consider other methods of obtaining discovery. We remand the case so that the circuit court may exercise its discretion with respect to the foregoing.

*By the Court.*—Order reversed and cause remanded with directions.