STATE of Wisconsin, Plaintiff-Respondent,

v.

Anica C. C. BAUSCH, Defendant-Appellant.

Court of Appeals

*No. 2013AP752. Submitted on briefs November 15, 2013.
—Decided December 19, 2013.*

2014 WI App 12

(Also reported in 842 N.W.2d 654.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *James C. Murray* of *Murray Law Office*, Madison.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Christopher J. Blythe*, assistant attorney general, and *J.B. Van Hollen*, attorney general.

Before Blanchard, P.J., Lundsten and Kloppenburg, JJ.

¶ 1. LUNDSTEN, J. Anica Bausch appeals the circuit court's order concluding that she could not conduct pretrial discovery in this forfeiture action brought by the State under Wis. Stat. ch. 778.[1] Chapter 778 describes procedures for actions to collect forfeitures in circuit court. *See* Wis. Stat. §§ 778.01 and 778.015; *see also generally* ch. 778. The sole issue is whether Wis. Stat. ch. 804 civil discovery procedures apply in an action to recover a forfeiture that is commenced by a citation under Wis. Stat. § 778.25. We hold that the test used to decide this particular statutory interpretation question compels the conclusion that the civil discovery procedures are available to Bausch because the legislature has not prescribed a "different procedure" for such forfeitures. Accordingly, we reverse the circuit court's order and remand for further proceedings.

---

[1] We granted Bausch's petition for leave to appeal this nonfinal order. All references to the Wisconsin Statutes are to the 2011–12 version unless otherwise noted.

### *Background*

¶ 2.  In October 2012, the Wisconsin Capitol police cited Bausch for violating a state regulation that imposes a maximum penalty of a $500 forfeiture. *See* WIS. ADMIN. CODE § ADM. 2.14(2). The regulation prohibits, under specified circumstances, a picket, rally, parade, or demonstration, without approval of the state department of administration, in buildings and facilities managed or leased by the department. WIS. ADMIN. CODE § ADM 2.14(2)(v).

¶ 3.  Bausch entered a plea of not guilty, demanded a jury trial, and sought pretrial discovery. The State asserted that civil discovery procedures are unavailable to the parties in this type of forfeiture proceeding. The circuit court agreed with the State, and prohibited discovery. The circuit court, applying the same test we apply below, concluded that the procedures for forfeiture actions like the one against Bausch could not be reconciled with civil discovery procedures.

### *Discussion*

█

¶ 4.  The question presented is whether WIS. STAT. ch. 804 civil discovery procedures apply in an action to recover a forfeiture commenced by citation under WIS. STAT. § 778.25. This issue presents a question of statutory interpretation that we review de novo. *See State v. Rachel*, 224 Wis. 2d 571, 573, 591 N.W.2d 920 (Ct. App. 1999). We agree with Bausch that civil discovery procedures apply in this context.

¶ 5.  The starting place for our inquiry is WIS. STAT. ch. 799, the small claims chapter. This is the chapter containing language governing whether gen-

eral civil discovery—applicable, as we shall see, to small claims actions—also applies to forfeiture actions governed by WIS. STAT. § 778.25.

¶ 6.   The small claims chapter provides, in pertinent part:  "[T]he procedure in this chapter is the exclusive procedure to be used in circuit court in . . . [a]ctions to recover forfeitures . . . ." WIS. STAT. § 799.01(1)(b). With respect to forfeitures governed by WIS. STAT. ch. 778, the small claims chapter directs that civil procedure statutes, including the civil discovery chapter, apply unless "a different procedure is prescribed" in ch. 778 or "elsewhere." Section 799.01(1)(b).[2]

¶ 7.   As we have indicated, the small claims discovery procedure is that specified in WIS. STAT. ch. 804. The small claims chapter specifies:

> **Relation of this chapter to other procedural rules. (1)** GENERAL. Except as otherwise provided in this chapter, the general rules of *practice and procedure* in chs. 750 to 758 and 801 to 847 shall apply to actions and proceedings under this chapter.

WIS. STAT. § 799.04 (emphasis added). We know that

---

[2] The more complete portion of the applicable small claims chapter is as follows:

**799.01 Applicability of chapter. (1)** EXCLUSIVE USE OF SMALL CLAIMS PROCEDURE. Except as provided in ss. 799.02(1) and 799.21(4) and except as provided under sub. (2), the procedure in this chapter is the exclusive procedure to be used in circuit court in the following actions:

. . . .

(b) *Forfeitures.* Actions to recover forfeitures except as a different procedure is prescribed in chs. 23, 66, 345 and 778, or elsewhere, and such different procedures shall apply equally to the state, a county or a municipality regardless of any limitation contained therein.

WIS. STAT. § 799.01(1).

"practice and procedure" in this statute covers discovery under ch. 804 because the supreme court has told us so. *See County of Portage v. Steinpreis*, 104 Wis. 2d 466, 482 n.15, 312 N.W.2d 731 (1981) ("[T]he small claims procedures do allow for use of the ch. 804 discovery procedures (sec. 799.04, Stats.).").

¶ 8.    To sum up to this point, civil discovery under WIS. STAT. ch. 804 is available in WIS. STAT. ch. 778 forfeiture actions, like the one here, unless, in ch. 778 or elsewhere, "a different procedure is prescribed."

¶ 9.    The different-procedure-prescribed test was recently set forth in *State v. Ryan*, 2012 WI 16, 338 Wis. 2d 695, 809 N.W.2d 37:

> "[M]ere silence regarding a rule of civil procedure does not automatically mean that the procedure is permitted." *State v. Schneck*, 2002 WI App 239, ¶ 14, 257 Wis. 2d 704, 652 N.W.2d 434. "[T]he test for the application of the civil rules of procedure is not only whether the statutes governing the instant proceeding are silent on the matter or otherwise set out a different procedure, but also whether the instant proceeding can be reconciled with the rules of civil procedure." *Id.*, ¶ 7.

*Id.*, ¶ 50.[3] Thus, we must apply a two-part test involving not only whether the legislature has actually prescribed

---

[3] We acknowledge that there are other formulations of the different-procedure-prescribed test. These formulations include whether the legislature "explicitly" or "implicitly" established a different procedure, *see State v. Brown*, 215 Wis. 2d 716, 725–26, 573 N.W.2d 884 (Ct. App. 1997), and whether "there is a distinctly different procedure established in another statute [or] whether the procedure in the other statute is consistent with the civil procedure statute at issue," *see State ex rel. Kenneth S. v. Circuit Court for Dane County*, 2008 WI App 120, ¶ 15, 313 Wis. 2d 508, 756 N.W.2d 573. Bausch relies on case law that might be read as suggesting that the test is whether the statute or statutes in

a different procedure, but also whether the proceeding at issue can be "reconciled with" the standard rules of civil procedure in question—here, civil discovery procedures. We now address each part of the test.

*First Part: Whether The Legislature Provided A Different Discovery Procedure*

■

¶ 10.    There is no dispute that Wis. Stat. § 778.25 does not provide for a different discovery procedure; it is silent on the topic. Nor do we find any references to discovery elsewhere in Wis. Stat. ch. 778 ("Collection of Forfeitures"). Therefore, the legislature has not, at least not in ch. 778, provided a different discovery procedure.

¶ 11.    The State may be arguing that the legislature provided a different discovery procedure "elsewhere." *See* Wis. Stat. § 799.01(1)(b) (civil procedure statutes apply unless "a different procedure is prescribed in [specified chapters]" or "elsewhere"). The State seems to contend that the legislature has directed that *criminal* discovery procedure applies to Wis. Stat. ch. 778 forfeiture actions. If this is the State's argument, we reject it.

■

¶ 12.    Criminal procedures apply in forfeiture actions "only to the extent that the legislature has so

question, here Wis. Stat. ch. 778, are silent on the pertinent procedural topic. *See State v. Schoepp*, 204 Wis. 2d 266, 268, 272, 554 N.W.2d 236 (Ct. App. 1996) (concluding that civil discovery procedures applied to a prior version of the refusal hearing statute because the prior statute neither provided for a different means of discovery nor provided that discovery is unavailable). Plainly, however, "mere silence" is not sufficient to meet the second part of the test as formulated under *State v. Ryan*, 2012 WI 16, 338 Wis. 2d 695, 809 N.W.2d 37. Because *Ryan* is the most recent supreme court holding on the topic, we are required to apply the test in that case.

directed." *State v. Peterson*, 104 Wis. 2d 616, 624, 312 N.W.2d 784 (1981). The State points to nothing in the statutes indicating that the legislature has directed application of criminal discovery in forfeiture actions governed by WIS. STAT. § 778.25.

¶ 13. The State points out that the courts have sometimes characterized forfeitures as "quasi-criminal." *See, e.g., City of Milwaukee v. Cohen*, 57 Wis. 2d 38, 46, 203 N.W.2d 633 (1973). However, regardless whether this is an apt characterization for purposes of the question presented here, such judicial pronouncements are not legislative directives.

¶ 14. And, there can be no doubt that the legislature knows how to give directives on this topic. The legislature has done so in other contexts.[4] It has not done so here.

¶ 15. Accordingly, we conclude that the legislature has not prescribed a different discovery procedure for the forfeiture action against Bausch.

---

[4] *See, e.g.,* WIS. STAT. § 23.73 ("Neither party is entitled to pretrial discovery except [as provided in this section]."); WIS. STAT. § 345.421 ("Neither party is entitled to pretrial discovery except [as provided in this section]."); WIS. STAT. § 343.305(9) ("Neither party is entitled to pretrial discovery in any refusal hearing, except [as described in the statute]."); WIS. STAT. § 980.036 (describing "exclusive" discovery procedures for WIS. STAT. ch. 980 proceedings and providing that WIS. STAT. ch. 804 civil discovery rules do not apply); *see also State v. Tammy F.*, 196 Wis. 2d 981, 986–87, 539 N.W.2d 475 (Ct. App. 1995) ("[B]ecause the legislature enacted specific procedures governing discovery under The Children's Code, and these are different and inconsistent with the general civil discovery rules established in ch. 804, STATS., we conclude that § 48.293, STATS., is the exclusive source of discovery rights to parties involved in ch. 48, STATS., actions.").

*Second Part: Whether WIS. STAT. § 778.25*
*Forfeiture Procedures Can Be Reconciled*
*With Civil Discovery Procedures*

█

¶ 16.   The second part of the different-procedure-prescribed test asks whether the forfeiture proceedings at issue can be "reconciled with" civil discovery procedures. The circuit court concluded, and the State argues, that the two cannot be reconciled. We disagree.

¶ 17.   The State argues that WIS. STAT. § 778.25 forfeiture proceedings cannot be reconciled with civil discovery procedures based on the following four assertions regarding § 778.25 forfeiture actions:

- the action must be commenced by citation instead of by summons and complaint;

- the defendant must respond by entering a plea rather than by filing a written answer;

- counterclaims are not available; and

- summary judgment is not available.

Bausch does not appear to dispute the State's assertions regarding these procedures, and we will assume for purposes of this decision that the State's assertions are accurate.

¶ 18.   As an initial matter, we emphasize what should already be apparent under *Ryan*. The mere fact that a WIS. STAT. § 778.25 forfeiture action is specialized in nature or includes specialized procedures does not mean that civil discovery procedures do not apply. *See Rachel*, 224 Wis. 2d at 572–75 (concluding that civil discovery procedures apply in WIS. STAT. ch. 980 com-

mitment proceedings, based on prior version of ch. 980); *State v. Schoepp,* 204 Wis. 2d 266, 268, 272, 554 N.W.2d 236 (Ct. App. 1996) (concluding that civil discovery procedures apply in refusal hearing proceedings, based on prior version of WIS. STAT. § 343.305(9)); *Hoberg v. Berth,* 157 Wis. 2d 717, 719–22, 460 N.W.2d 436 (Ct. App. 1990) (concluding that civil discovery procedures apply in summary probate proceedings involving special administrator).[5]

¶ 19.  Regardless whether proceedings are specialized in nature or include specialized procedures, the question remains whether such proceedings can be reconciled with civil discovery procedures. Focusing on forfeiture proceedings governed by WIS. STAT. § 778.25, we fail to see how such proceedings are in conflict with civil discovery procedures.

¶ 20.  With respect to the first bullet point above, we agree with the State that commencing an action by citation, instead of by summons and complaint, is relatively informal. The State, however, points to nothing about this difference that creates a conflict with conducting pretrial civil discovery. The same can be said for the second bullet point, the entry of a plea instead of the filing of an answer.

¶ 21.  It is true that the citation must specify a court appearance date. *See* WIS. STAT. § 778.25(2)(d). It is also true that § 778.25 provides detailed procedures that apply depending on whether the defendant fails to appear or makes a deposit. *See generally* § 778.25(2)-(8). However, the statute imposes few specific procedures, and no time limits, if a defendant pleads not guilty. A defendant pleading not guilty may request a

─────────

[5] As may already be apparent based on footnote 4 above, the legislature subsequently amended WIS. STAT. ch. 980 and WIS. STAT. § 343.305(9) to provide a different discovery procedure.

trial, which may be set "at any time convenient to all parties concerned." *See* § 778.25(9).

¶ 22. We note that, in the instant case, once Bausch entered a plea of not guilty, the circuit court set a date for a pretrial conference approximately two months after Bausch's court appearance date on the citation. The court then held a status conference one month after the pretrial conference date. At the status conference, the court set a deadline for motions and a 45-day deadline for completion of discovery. Only later did the court conclude, after the State filed its motion on the topic, that discovery was not available. So far as we can discern, the State does not argue, apart from the discovery aspect, that these procedures ordered by the court—a pretrial conference two months after the first court appearance, a status conference another month after that, and time for motion practice—were inappropriate. The State's apparent acquiescence to these procedures undermines the State's argument that civil discovery procedures conflict with the citation and plea procedures in Wis. Stat. § 778.25.

¶ 23. As to the third and fourth bullet points, the unavailability of counterclaims and summary judgment, we similarly fail to discern a conflict. In an ordinary civil action, the right to and need for discovery on a plaintiff's claims has no connection to whether a defendant files a counterclaim. And, contrary to the State's unsupported assertion, discovery is not primarily for purposes of summary judgment. Rather, a more apt description is that discovery is primarily for purposes of trial, though discovery often reveals that there is no material factual dispute and, therefore, no need for a trial. *See Sands v. Whitnall Sch. Dist.*, 2008 WI 89, ¶ 19, 312 Wis. 2d 1, 754 N.W.2d 439 (" '[T]he purpose of discovery is identical to the purpose of our trial system

—the ascertainment of truth.' " (quoted source omitted)); *State v. Halko*, 2005 WI App 99, ¶ 12, 281 Wis. 2d 825, 698 N.W.2d 832 ("Parties need discovery to obtain relevant evidence from each other.").

¶ 24.   In short, the State points to nothing in WIS. STAT. § 778.25 that cannot be reconciled with civil discovery procedures.

¶ 25.   The State argues that allowing civil discovery here will open the floodgates for discovery in various types of forfeiture proceedings governed by WIS. STAT. ch. 778, including those for underage drinking, using fake identification, underage purchase of cigarettes, compliance with energy efficiency standards of rental units, regulation of dog breeders and animal shelters, drinking on school grounds, body passing or alcohol consumption at sporting events, possession of drug paraphernalia, and harassment. We are not persuaded.

¶ 26.   The State's floodgates argument neither shows an inconsistency with civil discovery nor demonstrates that our statutory interpretation produces absurd results and, for these reasons, falls short. If the State is suggesting that providing discovery rights to parties in WIS. STAT. § 778.25 forfeiture actions is bad public policy because it may be expensive, such an argument must be made to the legislature. Moreover, as Bausch points out, the supposed "floodgates" were already opened by the State itself in 1988. That year, the Attorney General issued an opinion reaching the same conclusion that we reach today. *See* 77 Wis. Op. Att'y Gen. 270–71 (1988). Despite the Attorney General opening that "gate," the State does not call our attention to any current "flooding" problem. In any event, the legislature established the statutes that we interpret

511

above with presumed awareness that circuit courts have "broad discretion" to limit discovery under Wis. Stat. ch. 804:

> Circuit courts have broad discretion in determining whether to limit discovery through a protective order. If the moving party is able to show good cause, § 804.01(3) permits the circuit court to make any order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Section 804.01(3).

*Paige K.B. v. Steven G.B.*, 226 Wis. 2d 210, 232, 594 N.W.2d 370 (1999) (citation omitted).

### *Conclusion*

¶ 27.  For the reasons stated, we reverse the circuit court's order that prohibited Bausch from conducting discovery, and we remand for further proceedings.

*By the Court.*—Order reversed and cause remanded for further proceedings.