COURT OF APPEALS
DECISION
DATED AND FILED

April 2, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP1204**

STATE OF WISCONSIN

Cir. Ct. No. **2022SC12222**

IN COURT OF APPEALS
DISTRICT I

---

ELLIOT KOURI,

PLAINTIFF-APPELLANT,

V.

PARTY SEALED BY JUDGE SWANSON-11,

DEFENDANT-RESPONDENT.

---

APPEAL from a judgment of the circuit court for Milwaukee County: CYNTHIA M. DAVIS, Judge. *Reversed and cause remanded for further proceedings.*

¶1 COLÓN, J.[1] Elliot Kouri appeals from a judgment entered against him in this landlord-tenant dispute in the amount of $5,835.21 in damages and

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(a) (2021-22). All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

$5,900 in attorney fees. The court commissioner assigned to this case reviewed the evidence and issued an oral decision in favor of Tenant.[2] Kouri filed a demand for a trial before the circuit court. The circuit court denied Kouri's demand for trial because it concluded that Kouri failed to mail Tenant's attorney his demand, as required by WIS. STAT. § 799.207(3)(c). On appeal, Kouri argues that his demand for trial should not have been denied because Tenant's attorney was notified via the Wisconsin electronic filing system. For the reasons set forth below, we reverse the judgment and remand for further proceedings.

## BACKGROUND

¶2    This case arises out of a landlord-tenant dispute between Kouri, as the landlord, and Tenant. At a hearing on March 6, 2023, the court commissioner found in favor of Tenant's counterclaims and awarded $5,835.21 in damages and $5,900 in attorney fees. Kouri then filed his demand for trial and timely mailed, via certified mail, a copy to Tenant. Kouri never mailed a copy of his demand for trial to Tenant's attorney.

¶3    At the May 17, 2023 pre-trial conference before the circuit court, Tenant raised the issue that Kouri's demand for trial was not properly served on her attorney by mail as required by WIS. STAT. § 799.207(3)(c) and moved for the circuit court to deny Kouri's demand for trial. Kouri argued that Tenant's attorney was properly served because she was notified of the demand via the electronic filing system, as provided in WIS. STAT. § 801.18(6)(a).

---

[2] The Defendant-Respondent's name is sealed in this case. For ease of reading, the Defendant-Respondent is referred to using the pseudonym "Tenant" because this case originated as a landlord-tenant dispute.

2

¶4 The circuit court agreed with Tenant that her attorney was not properly served Kouri's demand for trial and denied the demand. It explained that Tenant's attorney represented Tenant in a limited scope under WIS. STAT. § 801.14(2m), which requires that anything that must be served upon Tenant must also be served upon Tenant's attorney. The circuit court recognized that the plain language of WIS. STAT. § 799.207(3)(c) is "very, very clear that the demand for trial has to be served by mailing[.]"

¶5 The circuit court also discussed how under WIS. STAT. §§ 799.01(1) and 799.04(1), rules of civil procedure from other chapters only apply to proceedings under WIS. STAT. ch. 799 if ch. 799 does not already provide a procedure for it. The circuit court reasoned that WIS. STAT. § 799.207(3)(c) clearly provided for mailing as the manner of service and did not leave room for the application of other rules of civil procedure.

¶6 The circuit court emphasized that it would make sense for notice through the electronic filing system to constitute service on Tenant's attorney. The circuit court went on to acknowledge Kouri's submission of the legislative history of the electronic filing system statute—WIS. STAT. § 801.18—and Kouri's argument that it was the intent of the legislature for § 801.18 to apply to demands for trial filed under WIS. STAT. § 799.207(3)(c). However, the circuit court stressed that when a court engages in statutory construction "it has to rely on the plain language and if the plain language is not ambiguous, it doesn't go into legislative history, or consider … equitable remedies and interests of justice, etcetera. The statute is very clear that the demand for trial has to be mailed." Therefore, the circuit court concluded that the notice of activity generated by the electronic filing system could not constitute service of Kouri's demand for trial on

3

Tenant's attorney because § 799.207(3)(c) unambiguously requires the demand to be mailed.

¶7     Kouri now appeals.

## DISCUSSION

¶8     The question on appeal is whether the notice of activity generated by the electronic filing system under WIS. STAT. § 801.18(6)(a)[3] constitutes service on a party's attorney of a demand for trial filed under WIS. STAT. § 799.207(3)(c). Kouri argues that the purpose of the electronic filing system is to allow for service, electronically, of all documents that do not require personal service. By contrast, Tenant contends that § 799.207(3)(c) controls and unambiguously requires demands for trial to be mailed to satisfy service requirements because § 799.207(3)(c) specifies the mailing of demands instead of explicitly incorporating the electronic filing system into the small claims procedure.

¶9     We review questions of statutory construction *de novo*. **State v. Setagord**, 211 Wis. 2d 397, 405-06, 565 N.W.2d 506 (1997). "[S]tatutory interpretation begins with the language of the statute." **State ex rel. Kalal v. Circuit Ct. for Dane Cnty.**, 2004 WI 58, ¶45, 271 Wis. 2d 633, 681 N.W.2d 110 (quotation marks and citation omitted). "Statutory language is given its common, ordinary, and accepted meaning, except that technical or specially-defined words or phrases are given their technical or special definitional meaning." *Id.* Additionally, "statutory language is interpreted in the context in which it is used;

---

[3] WISCONSIN STAT. § 801.18(6)(a) states that "[f]or documents that do not require personal service, the notice of activity is valid and effective service on the other users and shall have the same effect as traditional service of a paper document[.]"

4

not in isolation but as part of a whole; in relation to the language of surrounding or closely-related statutes; and reasonably, to avoid absurd or unreasonable results." *Id.*, ¶46. "Where statutory language is unambiguous, there is no need to consult extrinsic sources of interpretation, such as legislative history." *Id.*

¶10 Eviction actions, like the landlord-tenant dispute here, are governed by the small claims procedure in WIS. STAT. ch. 799. WISCONSIN STAT. § 799.207(3)(a) provides "an absolute right to have the matter heard before the court if the requirements of this section are complied with." One of those requirements is found in § 799.207(3)(c), which states:

> The demand for trial must be filed with the court and *mailed to the other parties* within [ten] days from the date of an oral decision or [fifteen] days from the date of mailing of a written decision. Mailing of the notice and proof of such mailing is the responsibility of the party seeking review.

(Emphasis added.) The plain language of § 799.207(3)(c) unambiguously requires demands for trial to be mailed to the other parties.

¶11 WISCONSIN STAT. §§ 799.01(1) and 799.04(1) govern when general rules of civil procedure can be used to supplement the procedure in WIS. STAT. ch. 799. Section 799.01(1) provides that the procedure outlined in ch. 799 is "the exclusive procedure to be used in circuit court" for eviction actions. Section 799.04(1) states that "[e]xcept as otherwise provided in this chapter, the general rules of practice and procedure in chs. 750 to 758 and 801 to 847 shall apply to actions and proceedings under this chapter." The test to determine if the general rules of civil procedure applies to ch. 799 is the different-procedure-prescribed test. *State v. Bausch*, 2014 WI App 12, ¶9, 352 Wis. 2d 500, 842 N.W.2d 654. Under this test, "the application of the civil rules of procedure is [dependent on]

whether the statutes governing the instant proceeding are silent on the matter or otherwise set out a different procedure, [and] also whether the instant proceeding can be reconciled with the rules of civil procedure." *State v. Schneck*, 2002 WI App 239, ¶7, 257 Wis. 2d 704, 652 N.W.2d 434.

¶12 Neither party disputes that Kouri timely mailed his demand for trial to Tenant. Instead, the parties dispute whether the notice of activity generated by the electronic filing system under WIS. STAT. § 801.18(6)(a) can constitute service on Tenant's attorney in light of the requirements of WIS. STAT. § 799.207(3)(c). Notably, the requirement that Tenant's attorney must be served a copy of the demand comes from WIS. STAT. §§ 801.14(1) and (2m), indicating that service on Tenant's attorney is governed by more than § 799.207(3)(c).

¶13 Under WIS. STAT. § 801.14(1) "every … demand … shall be served upon each of the parties." Section 801.14(2m) states that "[w]hen an attorney has filed a limited appearance … anything required to be served under sub. (1) shall be served upon both the otherwise self-represented person who is receiving the limited scope representation and the attorney who filed the limited appearance[.]"

¶14 The plain language of WIS. STAT. § 799.207(3)(c) only requires the demand to be mailed to the other parties. If the legislature had intended § 799.207(3)(c) to modify the manner of the service requirement under WIS. STAT. § 801.14(2m) then it would have included the terms "serve" or "service" in the statute like it did elsewhere in ch. 799. For example, these terms are used to discuss the service requirements for summons under WIS. STAT. § 799.12. Thus, § 799.207(3)(c) is silent regarding service on a party's attorney, and there is no reason why it cannot be reconciled with the rules of the electronic filing system. *See Schneck*, 257 Wis. 2d 704, ¶7.

¶15     Furthermore, the scope, context, and purpose of the electronic filing system under WIS. STAT. § 801.18 supports its application to WIS. STAT. § 799.207(3)(c).  *See Kalal*, 271 Wis. 2d 633, ¶48 ("[S]cope, context, and purpose are perfectly relevant to a plain-meaning interpretation of an unambiguous statute as long as the scope, context, and purpose are ascertainable from the text and structure of the statute itself[.]").  It is clear from the text that the purpose of § 801.18 is to allow for a system for filing documents, "automatically integrating them into the court case management system, and *electronically serving them on the parties*."  *See* § 801.18(1)(e) (defining "electronic filing system") (emphasis added).  Under § 801.18(6)(a), notice through the electronic filing system is sufficient to satisfy the service requirements of documents that do not require personal service.

¶16     WISCONSIN STAT. § 801.18(2)(a) provides that the scope of the electronic filing system covers small claims actions with the following:  "[t]he requirements of this section shall govern the electronic filing of documents in *all types of actions and proceedings* in circuit court."  (Emphasis added.)  Additionally, WIS. STAT. § 801.14(2m), the source of the requirement to serve the demand on a party's attorney who filed a limited appearance, is in the same chapter as the electronic filing system statute.  This context suggests that both statutes are intended to work together.  Thus, the notice of activity generated by the electronic filing system under § 801.18(6)(a) constitutes service of a demand for trial to a party's attorney despite the requirement to mail demands to the other parties found in WIS. STAT. § 799.207(3)(c).

¶17     All that is required for service of demands on a party's attorney under WIS. STAT. § 801.18(6)(a) is notice through the electronic filing system.  As a mandatory user of the electronic filing system, Tenant's attorney was notified

7

and Tenant does not assert otherwise. *See* §§ 801.18(2)(c), (3)(a)1. Therefore, Tenant's attorney was properly served Kouri's demand for a trial.

## CONCLUSION

¶18 Ultimately, Kouri complied with WIS. STAT. § 799.207(3)(c) by filing his demand for a trial and timely mailing it to Tenant. We conclude that the notice of activity of the demand to Tenant's attorney through the electronic filing system satisfied the service requirements to Tenant's attorney. Therefore, for all of the foregoing reasons, we reverse the judgment of the circuit court and remand for further proceedings consistent with this decision.

*By the Court.*—Judgment reversed and cause remanded for further proceedings.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.